# Exhibit 1

19STCV21081
Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Anthony Mohr
Electronically FILED by Superior Court of California, County of Los Angeles on 06/17/2019 06:17 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Barel,Deputy Clerk

ANDERSON & JUNG
J. Daniel Jung (SBN 243436)
Thomas Valfrid Anderson (SBN 125006)
21600 Oxnard Street, Suite 1030
Woodland Hills, CA 91367
(323) 203-8447
Attorneys for Julia G. Durward

CALIFORNIA SUPERIOR COURT
COUNTY OF LOS ANGELES
CENTRAL DISTRICT - UNLIMITED CIVIL

| | |
|---|---|
| Julia G. Durward,<br><br>Plaintiff,<br><br>vs.<br><br>One Technologies LLC, and DOES 1-50 inclusive;<br><br>Defendants. | CASE NO.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>1.  Violations of Business and Professions Code § 17529.5(a)(1)<br>2.  Violations of Business and Professions Code § 17529.5(a)(2)<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. This action arises out of One Technologies LLC ("OneTech"), in concert with others, advertising in at least 90 allegedly unlawful Unsolicited Commercial E-mails ("spams") that violate Section 17529.5 of the California Business & Professions Code. Plaintiff believes that there are more e-mails that were transmitted to Plaintiff which advertised defendants and will be identified as part of discovery.

2. OneTech's agents, possibly at the express instruction of OneTech, used self-destructing e-mails to hide both their and OneTech's identities to avoid liability for their knowing illegal activities.

3. Plaintiff is informed and believe and thereon alleges that OneTech owns and operates several web sites, including the ones located at the domain names freescore360.com and freecreditclick.com.

4. Plaintiff is informed and believes and thereon alleges that OneTech engages numerous third party advertising networks and affiliates (also known as "publishers") to advertise for OneTech. Plaintiff is informed and believes and thereon alleges that some of

-1-   COMPLAINT FOR DAMAGES

Exhibit 1 - Page 4

these affiliates send millions of unwanted and unlawful commercial e-mail messages to recipients that did not give consent to receive them. Many of the e-mails include false and/or misrepresented headers (including From Names that misrepresent who is advertising in the messages and From E-mail Addresses containing domain names registered so as to not be readily traceable to the sender.) OneTech is strictly liable for the actions of its networks and affiliates.

5. Plaintiff brings this action to recover statutory damages where the e-mails OneTech's web sites contained false and/or misrepresented information contained in or accompanying the e-mail headers  Plaintiff seeks solely statutory damages, and attorneys' fees, and costs pursuant to statute.

6. Statutory damages under California Business and Professions Code is a penalty. Plaintiff is not alleging any actual damage or harm.

## PARTIES

7. Plaintiff is an individual who is a resident of Los Angeles County within the State of California.

8. Plaintiff is informed and believes and thereon alleges that Defendant One Technologies LLC is a Delaware limited liability company headquartered in Dallas Texas

## JURISDICTION AND VENUE

9. Plaintiff is a California resident in Los Angeles County who regularly receives her e-mail on a computer located within Los Angeles County. Plaintiff received the complained of e-mails in Los Angeles County, thus complained of incidences occurred within Los Angeles County.

## TECHNICAL BACKGROUND

10. The definition of e-mail headers is set forth in Request For Comments 5322 ("RFC"), a publication of the Internet Engineering Task Force (IETF) and the Internet Society, the principal technical development and standards-setting bodies for the Internet. RFC 5322 sets forth the definition of e-mail headers so that e-mail will function on the Internet.

11. This complaint uses the term "From Display-Name" to be consistent with RFC

5322 for the parts of the From Line of the e-mail header. The "From Display-Name" is also sometimes commonly referred as the "From Name," "Display Name," "Quoted From Name," and "Friendly From Name." As an example, if an e-mail's From Field says: "John Doe <johndoe@yahoo.com>" then the "From Display-Name" is "John Doe" and the From Address would be johndoe@yahoo.com. Here the domain name is "yahoo.com"

12. The *"From:"* line of an e-mail is a part of the e-mail header.

13. The *"From:"* line of an e-mail identifies both the sender of the e-mail and how to contact the sender.

14. The From Address is the e-mail address used to contact the sender of the e-mail pursuant to RFC 5322 Section 3.6.2.

15. The publically available information indicating the owner, administrative, and technical contact of a domain name is known as the WHOIS information.

16. "WHOIS" is the method to determine the owner of the domain name. Technically, WHOIS is not the database, itself, but a protocol for submitting a query to a database in order to find contact information for the owner of a domain name. Solid Host, NL v. Namecheap, Inc. (C.D. Cal. 2009) 652 F.Supp.2d 1092, 1095 fn 3.

17. Simply put, the WHOIS information indicates the owner of the domain name, similar to the name on an auto vehicle registration or the name on a property deed.

18. "To secure the creation, registration, and use of a domain name, one must first assent to the registrar's contract. In addition to the payment of a small fee, the contract requires a potential registrant to agree to (1) provide and maintain current and accurate identifying information…" In re Forchion, 198 Cal.App.4th 1284, 1308-09 (2011).

19. When contracting with some, but not all, registrars the registrant is required to agree not to send or use the domain names in conjunction with sending unsolicited commercial e-mail.

**THE E-MAILS AT ISSUE**

20. Plaintiff has no relationship with Defendants, except as an unwilling recipient of their deceptive e-mails.

21. Plaintiff is informed and believes and thereon alleges that Defendants knew their actions were in violation of the law.

22. The e-mails at issue are "commercial e-mail advertisements" because they advertise services sold at the various web sites owned by the Defendants. The e-mails are

"unsolicited commercial e-mail advertisements" because Plaintiff never gave any of the Defendants "direct consent" to send her commercial e-mails, nor did Plaintiff have a "preexisting or current business relationship" with any of the Defendants.

23. Defendants' e-mails were designed to trick recipients into opening the e-mails.

24. Plaintiff is informed and believes and thereon alleges that the text in the "From Name" field (part of the e-mail headers) in the instant spams is deceptive.

25. The From Name is important to an e-mail user, because in almost all e-mail programs, the inbox view only displays a list of e-mails, showing the From Name, Subject Line, and date. Therefore, even if the body of the e-mail identifies the advertiser, the recipient will not know that until s/he has already clicked to open the e-mail. The From Name is one of the only clues a recipient has about the identity of the sender of the e-mail.

26. Most, if not all, of the e-mails use hypertext mark up language ("HTML") in the body which contain remote hosted images, which are not part of the e-mail body but rather a link to a web server that could be anywhere on the Internet and controlled by any unknown third party. Many e-mail clients automatically block remote images preventing recipients from seeing the sender upon initially opening the e-mail.

27. The use of remote hosted images allow the sender to disable or change the images at any time, even after the e-mail has been transmitted.

28. In the e-mails complained of in this lawsuit, Defendants' agents used remote hosted images to essentially self-destruct the e-mails after a short period of time, so as to prevent people from making complaints about Defendants and their agents.

**FIRST CAUSE OF ACTION**
(VIOLATION OF CAL. BUSINESS AND PROFESSIONS CODE § 17529.5(a)(1))
(Against All Defendants)

29. Cal. Bus. & Prof. Code § 17529.5(a)(1) prohibits e-mail advertisements which *"contains or is accompanied by a third-party's domain name without the permission of the third party."*

30. At least 15 of the complained of e-mails contain third party domain names which belong to Walmart, Netflix, Ebay, Aliexpress, and Craigslist. Plaintiff believes and thereon alleges that these domain names are used by Defendants without the permission of Walmart, Netflix, Ebay, Aliexpress, and Craigslist.

31. Defendants unauthorized use of the domain names of these well known third

-4-   COMPLAINT FOR DAMAGES

Exhibit 1 - Page 7

parties companies are deceptive as it falsely indicates that these well known companies are the senders of the complained of e-mails.

32. Defendants unauthorized use of the domain names of these well known third parties companies is deceptive as it falsely indicates these that these well known companies endorse Defendants' services, where they actually do not.

33. Defendants' use of these third party domain names without authorization was to leverage the reputation of these third parties so as to trick their way into the inboxes of their unsupecting spam victims and to trick their victims into opening the e-mails.

## SECOND CAUSE OF ACTION
(VIOLATION OF CAL. BUSINESS AND PROFESSIONS CODE § 17529.5(a)(2))
(Against All Defendants)

34. Plaintiff hereby incorporates by reference paragraphs 1 through 28, inclusive, as if the same were fully set forth herein.

35. Plaintiff hereby incorporates by reference paragraphs 1 through 28, inclusive, as if the same were fully set forth herein.

36. The From Names in the complained of e-mails misrepresent who is sending the spams by using generic terms that do not identify the senders of the e-mails.

37. The From lines do not identify Defendants as the advertisers in the e-mails using a well known name, product name, or trademark.

38. The WHOIS information of the domain name in the From lines do not identify the advertiser of the e-mails.

39. In all but 8 of the e-mails, the WHOIS information of the domain name in the From lines do not identify the sender of the e-mails. In these 8 e-mails, the domain names use the trademarks of well known companies which falsely imply that e-mails are associated with Ebay and Amazon.

40. The WHOIS information of most of the domain name in the From lines do not identify most of the senders of the e-mails as advertiser of the e-mails.

41. The WHOIS information of the domain name in some of the the From lines that may identify a sender, have a falsified address.

42. The WHOIS information does not identify the advertiser of the e-mails.

43. Some of the from lines use a domain names ending in ".uk" indicating that the sender or advertiser is in the United Kingdom, but that is false.

44. Some of the from lines use domain names that belong to others, falsely indicating that these e-mails originate from other persons or entities.

45. The senders of the complained of e-mails obtained the domain names by fraud and false pretenses. The use of these fraudulently obtained domain names in the e-mail headers in the complained of e-mails render these e-mail headers materially deceptive. 15 U.S.C. § 7704(a)(1)(A).

46. Plaintiff is informed and believes, and therefore alleges that each of the complained of e-mails contained deceptive headers in violation of Cal. Bus. & Prof. Code § 17529.5(a)(2).

47. The bodies of the e-mails do not identify any of the Defendants.

48. Plaintiff is informed and believes, and therefore alleges that Defendants created and inserted these deceptive headers into the e-mails as part of their scheme to deceive and to trick recipients into opening Defendants' e-mails.

49. Plaintiff is not alleging harm, but is solely seeking statutory damages as set forth in the Prayer for relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them as follows:

A. Statutory damages, under Cal. Bus. & Prof. Code § 17529.5 of $1,000 each for the spam e-mails received from Defendants; and

B. Attorney's fees and costs as allowed by law.

Dated: June 17, 2019

ANDERSON & JUNG

By: /s/ T. Valfrid Anderson
T. Valfrid Anderson
Attorney for Julia G. Durward