1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**VENABLE LLP**
Ari N. Rothman (SBN 296568)
  anrothman@venable.com
Witt W. Chang (SBN 281721)
  wwchang@venable.com
2049 Century Park East, Suite 2300
Los Angeles, CA  90067
Telephone:   (310) 229-9900
Facsimile:   (310) 229-9901

Attorneys for Defendant
One Technologies, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | |
|---|---|
| Julia G. Durward, | CASE NO. 2:19-cv-06371-GW (AGRx) |
| Plaintiff, | Hon. Judge George Wu<br>Courtroom 9D |
| v. | **DEFENDANT ONE** |
| One Technologies LLC, and DOES 1-50, inclusive, | **TECHNOLOGIES, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT FOR LACK OF PERSONAL JURISDICTION PURSUANT TO FED. R. CIV. P. 12(b)(2)** |
| Defendants. | |
| | Date:         August 29, 2019<br>Time:         8:30 a.m.<br>Crtrm.:       9D |
| | Action Filed:   June 17, 2019<br>Removal:        July 23, 2019<br>Trial Date:     None set |

**V E N A B L E   L L P**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

DEFENDANT ONE TECHNOLOGIES, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS

47267478

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, on August 29, 2019, at 8:30 a.m., or as soon thereafter as counsel may be heard in Courtroom 9D of the above-titled Court, located at 350 West 1st Street, Los Angeles, CA 90012, defendant One Technologies, LLC will and hereby does move to dismiss plaintiff's complaint.

This motion is made pursuant to Fed. R. Civ. P. 12(b)(2) on the grounds that plaintiff cannot establish personal jurisdiction over One Technologies. Specifically, plaintiff cannot establish general jurisdiction because One Technologies is a Texas company based in Texas that is not otherwise "at home" in California. Likewise, plaintiff cannot establish specific jurisdiction because One Technologies did not send the emails at issue, much less intentionally send them into California or to plaintiff. Rather, plaintiff's claims arise from the conduct of One Technologies' independent contractors, not One Technologies. And, exercising personal jurisdiction would be otherwise unfair and unjust.

This motion is based on the instant notice, the accompanying Memorandum of Points and Authorities, the Declarations of Witt W. Chang and Astra Zittlau, the complete court file, including the records and pleadings on file in this matter, and any other oral or documentary evidence that may be presented to the Court at the time of the hearing.

***Local Rule 7-3 Compliance***. This motion is made following the conference of counsel pursuant to Central District Local Rule 7-3. *See* Declaration of Witt W. Chang, ¶ 2.

Dated: July 30, 2019                    VENABLE LLP

By: /s/ Witt W. Chang
  Ari N. Rothman
  Witt W. Chang
  Attorneys for Defendant
  One Technologies, LLC

1

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

1

## <u>TABLE OF CONTENTS</u>

**Page**

I.    INTRODUCTION ........................................................................1

II.   STATEMENT OF FACTS............................................................2

     A.    One Technologies Is A Texas Company That Did Not Send the Emails Over Which Plaintiff Sues. ...................................................2

     B.    Plaintiff Does Not Allege One Technologies Sent Her Emails in California. ...............................................................................3

III.  LEGAL STANDARD ..................................................................4

IV.  ARGUMENT ..............................................................................4

     A.    There Is No General Jurisdiction over One Technologies .................4

     B.    There is No Specific Jurisdiction over One Technologies Because It Did Not Purposefully Send or Direct the Emails at Issue to California or Plaintiff............................................................7

          1.    One Technologies Did Not Purposefully Avail Itself of the Privilege of Conducting Activities in California...............7

          2.    Plaintiff's Claim Does Not Arise out of One Technologies' Scant Forum-Related Activities ....................10

          3.    Exercising Jurisdiction over One Technologies Would Offend Traditional Notions of Fair Play and Substantial Justice With Respect to One Technologies and Its Witnesses ..........................................................................11

V.    CONCLUSION ..........................................................................12

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

47267478

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**V E N A B L E   L L P**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*In re Aggrenox Antitrust Litig.*,
   No. 3:14-md-2516, 2015 WL 1311352 (D. Conn. March 23, 2015) ..................5

*Alsop v. Carolina Custom Prods., Inc.*,
   No. 07-cv-0212, 2007 U.S. Dist. LEXIS 65679, 2007 WL 2441025
   (C.D. Cal. June 29, 2007) ........................................................................................8

*Asahi Metal Industry Co., Ltd. v. Superior Court*,
   480 U.S. 102 (1987) ........................................................................................11

*Doering ex rel. Barrett v. Copper Mountain, Inc.*,
   259 F.3d 1202 (10th Cir. 2001) ...............................................................6

*Brand v. Menlove Dodge*,
   796 F.2d 1070 (9th Cir. 1986) ...................................................................5

*Bristol-Myers Squibb Co. v. Superior Court of California, San
   Francisco Cty.*,
   137 S. Ct. 1773 (2017) ............................................................................4, 7

*Burger King v. Rudzewicz*,
   471 U.S. 462 (1985) ...............................................................................10

*Burnham v. Superior Court*,
   495 U.S. 604 (1990) ..................................................................................4

*Cascade Corp. v. Hiab-Foco AB*,
   619 F.2d 36 (9th Cir. 1980) .......................................................................8

*Congoleum Corp. v. DL W Aktiengelsellschaft*,
   729 F.2d 1240 (9th Cir. 1984) ...................................................................6

*Cybersell Inc. v. Cybersell Inc.*,
   130 F.3d 414 (9th Cir. 1997) ...................................................................12

*Duncanson v. Wine & Canvas IP Holdings LLC*,
   2017 WL 6994541 (S.D. Ind. Apr. 20, 2017) .........................................5

47267478

*Giangola v. Walt Disney World Co.*,
   753 F. Supp. 148 (D.N.J. 1990)..................................................................8

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
   564 U.S. 915 (2011) ....................................................................................4

*Haas v. A.M. King Indus., Inc.*,
   28 F. Supp. 2d 644 (D. Utah 1998) .........................................................6, 8

*Helicopteros Nacionales de Colombia, S.A. v. Hall*
   466 U.S. 408 (1984) ....................................................................................4

*Kransco Mfg., Inc. v. Markwitz*,
   656 F2d 1376 (9th Cir. 1981)....................................................................10

*Neuromechanical, LLC v. Kiro Kids Pty. Ltd.*,
   No. 10-cv-1068, 2011 WL 333337 (D. Ariz. Jan.31, 2011) ......................8

*Omeluk v. Langsten Slip & Batbyggeri A/S*,
   52 F.3d 267 (9th Cir. 1995) ........................................................................7

*Phillips v. Worldwide Internet Sols.*,
   No. 05-cv-5125, 2006 WL 1709189 (N.D. Cal. June 20, 2006)...............6, 8

*Schwarzenegger v. Fred Martin Motor Co.*,
   374 F.3d 797 (9th Cir. 2004) ...................................................................1, 4

*Senne v. Kansas City Royals Baseball Corp.*,
   105 F. Supp. 3d 981 (N.D. Cal. 2015) ........................................................5

*Walden v. Fiore*,
   134 S. Ct. 1115 (2014) ...........................................................................7, 11

*Zoobuh, Inc. v. Williams*,
   No. 2:13-cv-0791, 2014 WL 7261786 (D. Utah Dec. 18, 2014) ..........7, 8, 9, 10

**Statutes**

Business & Professions Code § 17529.5 *et seq*......................................................1, 3

CAN-SPAM Act ......................................................................................................6

**Other Authorities**

Fed. R. Civ. P. Rule 12(b)(2)..............................................................................2, 4, 12

**V E N A B L E   L L P**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

iii

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Plaintiff seeks to hale One Technologies into court in a foreign forum where One Technologies does not reside, where it does not operate or conduct business activity, and where it has not purposefully directed any conduct giving rise to plaintiff's clams.   Thus, this Court lacks personal jurisdiction over One Technologies.

Plaintiff Julia Durward must make a *prima facie* showing of personal jurisdiction through admissible evidence.  *Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 800 (9th Cir. 2004).   Thus, she cannot meet her burden by "simply rest[ing] on the bare allegations of [the] complaint." *Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 800 (9th Cir. 2004).

Here, plaintiff's sole cause of action is for receiving unsolicited commercial emails that she claims violate California's anti-spam statute codified at Business & Professions Code § 17529.5 *et seq.*   However, her complaint contains *no* allegations providing a basis for exercising jurisdiction over One Technologies. All of One Technologies' employees, officers, property, sales, and operations, along with witnesses, documentary evidence, and documents related to the claims and possible defenses in this case, are in Texas, not California. Moreover, One Technologies has not directed any of its commercial activities towards this state, as its commercial operations occur in Texas.

Further, One Technologies did not purposefully send any emails, let alone the emails over which plaintiff sues, to the plaintiff.  Indeed, plaintiff admits in the second paragraph of her complaint that third parties sent the emails to plaintiff, not One Technologies.  And, One Technologies never had any communication with plaintiff at all, and lacked knowledge that any of the challenged emails were sent to plaintiff until she made a pre-suit demand to settle this litigation.

47267478

For these reasons, plaintiff's claims do not arise from One Technologies' activities in California, and One Technologies lacks sufficient minimum contacts with California.   Exercising personal jurisdiction over One Technologies in California would be unfair and unreasonable, and the Court should therefore dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. Rule 12(b)(2).

## II.   STATEMENT OF FACTS

### A.   One Technologies Is A Texas Company That Did Not Send the Emails Over Which Plaintiff Sues.

One Technologies, LLC is a Texas limited liability company with its principal place of business located in Dallas, Texas. Zittlau Decl. ¶ 2, 3.   One Technologies operates a web-based business out of Dallas that provides consumers with credit monitoring, credit education and analysis tools, and identity theft prevention and mitigation products. Ex. 1, Zittlau Decl. ¶ 3, 6, 9.   These services help One Technologies' customers navigate the credit reporting landscape by providing ongoing and up-to-date information about their credit scores and reports, combined with a variety of tools and products to learn about credit, research personal credit trends, and project the consequences of credit decisions.   Ex. 1, Zittlau Decl. ¶ 9.

All of One Technologies' members are Texas citizens.   *Id*.   Its executives and employees are all located in Dallas, Texas, and it does not have any executives or employees located in or doing business in California. Zittlau Decl. ¶ 4. One Technologies also does not own, use, or possess any real estate, offices, property, assets, telephone listings, mailing address, bank accounts, or any other assets in California. Zittlau Decl. ¶ 5.   One Technologies provides all of its services from Dallas, Texas, where its employees are located. Zittlau Decl. ¶ 6.   One Technologies is not licensed or regulated by any California government agency. Zittlau Decl. ¶ 7.

DEFENDANT ONE TECHNOLOGIES, LLC'S MOTION TO DISMISS

47267478

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

One Technologies does not send any emails to consumers with whom it does not have an existing or current business relationship. Instead, independent contractors known as "publishers" or "affiliates" send emails advertising One Technologies' products and services. Ex 1, Zittlau Decl. ¶ 10.  Although One Technologies requires publishers to comply with applicable laws and regulations and follow One Technologies' email compliance policy, publishers control all aspects of transmitting the emails and make fundamental decisions concerning the emails themselves, including choosing each email's recipient. *Id.* ¶ 11.  Thus, One Technologies does not know, and has no control over, where the emails are sent or to whom, other than to prohibit publishers from sending email advertisements to email addresses associated with recipients who have requested to "opt-out" of receiving emails advertising One Technologies.  *Id.* ¶ 12.

**B.** **Plaintiff Does Not Allege One Technologies Sent Her Emails in California.**

Plaintiff Julia Durward alleges that she is a California resident, and complains that she received 90 emails in violation of California's anti-spam statute, Cal. Bus. and Prof. § 17529.5. (Complaint ¶ 4.)  She acknowledges that One Technologies did not send the emails. (Complaint ¶¶ 2, 4, 28.)  Rather, she admits that third parties did so. (*Id.*)  Thus, plaintiff does not allege that One Technologies sent the emails, drafted the emails, controlled the content of the emails, chose the recipients of the emails, or obtained the domain names from which the emails were sent.  Rather, each of the claims in her complaint are premised solely on the "actions of [One Technologies'] networks and affiliates." (*Id.* ¶ 4)  Further, plaintiff does not allege that she attempted to or did purchase anything from One Technologies.  Accordingly, plaintiff does not allege that One Technologies itself engaged in any activity in California, let alone any activity giving rise to the allegations in her complaint.  Indeed, One Technologies did not know about the emails over which plaintiff sues until plaintiff's counsel identified

47267478

V E N A B L E  L L P
2049 CENTURY PARK EAST , SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

them to One Technologies in a pre-suit settlement demand.  Ex 1, Zittlau Decl. ¶ 14.

## III.   LEGAL STANDARD

Plaintiff must establish personal jurisdiction or else face dismissal of her action. *See* Fed. R. Civ. P. 12(b)(2); *see also Burnham v. Superior Court,* 495 U.S. 604, 608 (1990) (requiring that court have personal jurisdiction over a defendant to proceed).  A court may only exercise personal jurisdiction over a non-resident defendant if doing so would comport with the Fourteenth Amendment's Due Process Clause because it "exposes defendants to the State's coercive power." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 918 (2011).

Personal jurisdiction is established either through general, *i.e.* "all purpose," jurisdiction derived from a defendant's establishment of the jurisdiction as its home base, or specific, *i.e.* "case-linked," jurisdiction derived from a defendant's jurisdictional contacts if sufficiently related to the claims at issue. *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773, 1779 (2017).  Plaintiff bears the burden to make a *prima facie* showing of personal jurisdiction through admissible evidence, rather than just "simply rest[ing] on the bare allegations of its complaint." *Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 800 (9th Cir. 2004).

## IV.   ARGUMENT

### A.   There Is No General Jurisdiction over One Technologies

Plaintiff cannot meet her burden to establish that general jurisdiction exists over One Technologies, a Texas limited liability company with its principal place of business in Texas.   For general jurisdiction to exist over a nonresident defendant, the corporate defendants must have "continuous and systematic general business contacts" that "approximate physical presence" in the forum state (here, California). *See Helicopteros Nacionales de Colombia, S.A. v. Hall* 466 U.S. 408, 415 (1984) (finding no general jurisdiction where defendant did not have a place of

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

47267478

business in forum state and had never been licensed to do business in forum state, despite existence of other connections).   In other words, for companies, the question is whether the jurisdiction is one where the company is "at home." *Duncanson v. Wine & Canvas IP Holdings LLC,* 2017 WL 6994541, at *2-3 (S.D. Ind. Apr. 20, 2017) (citing *Daimler AG v. Bauman*, 571 U.S. 117 (2014) and district court opinions).   "Being 'essentially at home' in a place is a very high bar, almost never found for corporations where they are neither incorporated nor headquartered." *In re Aggrenox Antitrust Litig.,* No. 3:14-md-2516, 2015 WL 1311352, at *25 (D. Conn. March 23, 2015) (granting motion to dismiss).   This is an exacting standard because a finding of general jurisdiction permits a defendant to be haled into court in the forum state in connection with any of its world-wide activities. *Brand v. Menlove Dodge,* 796 F.2d 1070, 1073 (9th Cir. 1986) (collecting cases where general jurisdiction was denied despite defendants' significant contacts with forum).

Here, One Technologies is not "at home" in California.   One Technologies is a Texas limited liability company with its principal place of business located in Texas. Zittlau Decl., ¶ 2.   All of its members are Texas citizens. *Id*.   All of its executives and employees are based in Texas. *Id*.   Additionally, it does not have any operations in California, much less any "continuous and systematic" operations. *Id*.   It has never held any offices, property, assets, telephone listings, or bank accounts in California. *Id* ¶ 5.

One Technologies, out of an abundance of caution, pays California corporate income tax on revenue generated from sales to California residents.   Zittlau Decl., ¶ 13.   But, none of those sales were made to plaintiff and thus its payment of taxes is unrelated to any of the conduct alleged in plaintiff's complaint. *Id*.   And, in all events, paying taxes falls far short of what is required to render it "essentially at home" in California for general jurisdiction to attach. *See*, *e.g.*, *Senne v. Kansas City Royals Baseball Corp.*, 105 F. Supp. 3d 981, 999, 1021 (N.D. Cal. 2015)

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

5

(rejecting exercise of general jurisdiction where, among other connections, baseball franchises paid taxes to California).

Moreover, that marketing emails sent by publishers hired by One Technologies were supposedly received by one California resident is insufficient to confer general jurisdiction.  Thus, in *Phillips v. Worldwide Internet Solutions*, the court found no general jurisdiction against a defendant in a case alleging violations of California's anti-spam statute and the federal CAN-SPAM Act, despite the defendant having California customers and being "partnered" with California vendors because "engaging in commerce with residents of the forum state is not in and of itself the kind of activity th[at] approximates physical presence within the state's borders."  *Phillips v. Worldwide Internet Sols.*, No. 05-cv-5125, 2006 WL 1709189, at *5 (N.D. Cal. June 20, 2006) (internal quotations and citations omitted); *see also, e.g., Congoleum Corp. v. DL W Aktiengelselschaft,* 729 F.2d 1240, 1242 (9th Cir. 1984) ("no court has ever held that the maintenance of even a substantial sales force within the state is a sufficient contact to assert jurisdiction in an unrelated cause of action"); *Doering ex rel. Barrett v. Copper Mountain, Inc.*, 259 F.3d 1202, 1210 (10th Cir. 2001) (finding no general jurisdiction because "the mere placement of advertisements in nationally-distributed publications cannot be regarded as 'continuous and systematic' in nature."); *Haas v. A.M. King Indus., Inc.*, 28 F. Supp. 2d 644, 650 (D. Utah 1998) ("It is undisputed that neither of the moving defendants has ever had a place of business in Utah and neither defendant has ever been licensed to do business in the state. [Defendants'] contacts have basically amounted to placing national and regional advertisements, sending out direct mailings, and maintaining a website. The mere placement of advertisements in journals of national distribution cannot be regarded as 'continuous and systematic' in nature in a given state.").

For these reasons, no general jurisdiction exists over One Technologies.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

DEFENDANT ONE TECHNOLOGIES, LLC'S MOTION TO DISMISS

47267478

**B.**   **There is No Specific Jurisdiction over One Technologies Because It Did Not Purposefully Send or Direct the Emails at Issue to California or Plaintiff**

If no general jurisdiction exists then plaintiff must establish specific jurisdiction to avoid dismissal.   Specific jurisdiction is only established if plaintiff's suit arises out of or sufficiently relates to the defendant's contacts with the forum. *Bristol-Myers Squibb*, 137 S. Ct. at 1780; *see also Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014) (*quoting Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 775 (1984)) ("The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant 'focuses on the relationship among the defendant, the forum, and the litigation'").   Thus, plaintiff must show that:

1.   the foreign defendant does some act by which it purposefully avails itself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

2.   plaintiff's claim arises out of or results from the foreign defendant's forum-related activities; and

3.   the exercise of jurisdiction would be reasonable.

*Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 270 (9th Cir. 1995) (affirming dismissal for lack of personal jurisdiction).   Plaintiff's failure to meet any of these three elements is fatal to establishing personal jurisdiction; as set forth below, none of these elements are met.

1.   Underline One Technologies Did Not Purposefully Avail Itself of the Privilege of Conducting Activities in California

Plaintiff cannot show that One Technologies took any actions that invoked the benefits or protections of California law.   In the advertising context, merely establishing that advertisements associated with the defendant reached consumers in the forum state is insufficient to establish purposeful availment. *See*, *e.g.,*

7

1   *Zoobuh, Inc. v. Williams*, No. 2:13-cv-0791, 2014 WL 7261786, at *6 (D. Utah

2   Dec. 18, 2014) (granting motion to dismiss for lack of personal jurisdiction where

3   foreign company's supposedly unlawful email advertisements were sent to forum

4   state residents by third party advertising publishers); *Giangola v. Walt Disney*

5   *World Co.*, 753 F. Supp. 148, 156 (D.N.J. 1990) ("In an age of modern advertising

6   and national media publications and markets, plaintiffs' argument that such

7   conduct would make a defendant amenable to suit wherever the advertisements

8   were aired would substantially undermine the law of personal jurisdiction.  Courts

9   generally have refused to adopt such a standard and embark on such a course.");

10  *Alsop v. Carolina Custom Prods., Inc.*, No. 07-cv-0212, 2007 U.S. Dist. LEXIS

11  65679, 2007 WL 2441025, at *7 (C.D. Cal. June 29, 2007) (finding defendant did

12  not purposefully direct its activity at California where company advertised in

13  motorcycle magazines that were nationally distributed); *Cascade Corp. v. Hiab-*

14  *Foco AB*, 619 F.2d 36, 37 (9th Cir. 1980) (holding that personal jurisdiction over

15  defendant would offend traditional notions of fair play and substantial justice

16  despite the nonresident defendant advertising its product in national periodicals

17  that circulated in the forum state); *Neuromechanical, LLC v. Kiro Kids Pty.*

18  *Ltd.,* No. 10-cv-1068, 2011 WL 333337, at *3 (D. Ariz. Jan.31, 2011) (nationwide

19  email advertisements did not constitute "individualized targeting" necessary to

20  establish specific jurisdiction); *Phillips v. Worldwide Internet Sols.*, No. 05-cv-

21  5125, 2006 WL 1709189, at *5 (N.D. Cal. June 20, 2006); *Haas v. A.M. King*

22  *Indus., Inc.*, 28 F. Supp. 2d 644, 650 (D. Utah 1998)

23         In *Zoobuh*, the court granted foreign defendant Thrive's motion to dismiss

24  for lack of personal jurisdiction.  *Zoobuh, Inc.*, 2014 WL 7261786, at *6.  The

25  plaintiff claimed that Thrive sent or caused to be sent tens of thousands of unlawful

26  advertising emails to plaintiff.  *Id.*, *1.   Thrive declared that third party

27  publishers—not Thrive—sent the emails on Thrive's behalf:

28

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

8

Thrive Marketing also has no involvement with, or control over, the origination, approval, or delivery of the emails. It does not draft the content of the emails sent by the publishers; review or approve them; know where (i.e., the location or the recipient) the publishers send the emails; or decide the customers to whom the publishers should publish the emails.

*Id.*, *5. The court held that "[b]ased upon the evidence presented, the Court cannot find that Defendant Thrive directly took any actions that are the subject of this litigation. Instead, Defendant used third parties who sent the emails of which Plaintiff complains." *Id.*

As in *Zoobuh*, One Technologies, a foreign defendant, relies solely on third party publishers to send email advertisements like the ones plaintiff claims she received. Zittlau Decl., ¶ 10. Like the foreign defendant in *Zoobuh*, One Technologies has no involvement with, or control over, the transmission or delivery of the emails. *Id.* It does not know the locations or the recipients to which the publishers send the emails; or decide the recipients to whom the publishers should send the emails other than to prohibit publishers from sending email advertisements to email addresses associated with recipients who have requested to "opt-out" of receiving emails advertising One Technologies. *Id.* Instead, publishers control all aspects of transmitting the emails and make fundamental decisions concerning the emails themselves, including choosing each email's recipient. *Id.*

To be sure, the email campaigns run by the publishers concerning One Technologies are geographically neutral and do not target California citizens over citizens of any other states. *Id.* On top of not deciding to whom the emails are sent and not knowing any given recipient's identity, location, or email address, One Technologies would not even be able to identify the location of any given email recipient because, unlike phone number area codes, email addresses are not

DEFENDANT ONE TECHNOLOGIES, LLC'S MOTION TO DISMISS

47267478

connected to any particular geographic location.  *Id.*  Thus, One Technologies has no ability to differentiate California recipients from recipients in any other state, and would not have that ability even if it knew in advance the email addresses to which the emails would be sent.

Accordingly, as in *Zoobuh*, One Technologies did not purposefully avail itself of the privilege of conducting activities in the forum state, and there is no specific jurisdiction over One Technologies in California.  The inquiry into specific jurisdiction ends here, and the Court may dismiss plaintiff's complaint on this ground alone.

> 2. Plaintiff's Claim Does Not Arise out of One Technologies' Scant Forum-Related Activities

Plaintiff's claim does not and cannot arise out of One Technologies' forum-related activities because One Technologies did not send the emails at issue. *Burger King v. Rudzewicz*, 471 U.S. 462, 477-78 (1985) (requiring "substantial connection" between defendant's forum contacts and plaintiff's claim).  Indeed, One Technologies did not even know about the existence of the emails at issue or plaintiff's identify until plaintiff served a pre-suit settlement demand letter. Zittlau Decl., ¶ 14.

Further, the conduct of One Technologies' third party publishers in allegedly sending emails to this California plaintiff cannot be imputed to One Technologies as a matter of law because One Technologies' publishers are independent contractors that send emails and other kinds of advertisements promoting many companies, not just One Technologies. (*See* Zittlau Decl., ¶¶ 10, 15; Exhibit A to Zittlau Decl., One Technologies, LLC, Affiliate Network Marketing Agreement ("15. Relationship of the Parties. Each of the parties is an independent contractor under this Agreement. Nothing in this Agreement creates any partnership, joint venture, agency, franchise, sales representative or employment relationship between the parties, and neither party has the power to obligate or bind the other

V E N A B L E  L L P
2049 CENTURY PARK EAST , SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

DEFENDANT ONE TECHNOLOGIES, LLC'S MOTION TO DISMISS

1   party in any manner whatsoever.")); *Kransco Mfg., Inc. v. Markwitz*, 656 F2d
2   1376, 1378 (9th Cir. 1981) (foreign defendant is usually not subject to local
3   jurisdiction because of "contacts" by an independent contractor, *e.g.*, a local
4   distributor who handles many products, including those of foreign corporation).

5       The fact that plaintiff allegedly received the challenged emails in California
6   is insufficient to connect One Technologies to California in a way that could confer
7   personal jurisdiction over One Technologies.  The United States Supreme Court
8   prohibits "allow[ing] a plaintiff's contacts with the defendant and forum to drive
9   the jurisdictional analysis." *Walden v. Fiore* 134 S. Ct. 1115, 1125 (2014).  The
10  mere fact that a plaintiff suffered alleged harm in the forum state is insufficient to
11  justify exercising personal jurisdiction over a non-resident defendant. *Id*.  Rather,
12  the plaintiff must establish the "defendant's contacts with the forum State itself,
13  not the defendant's contacts with persons who reside there." *Id.* at 1122.

14      Accordingly, plaintiff cannot establish that her claim arises out of One
15  Technologies' forum-related activities.

        3.   Exercising Jurisdiction over One Technologies Would Offend
16
             Traditional Notions of Fair Play and Substantial Justice With
17
             Respect to One Technologies and Its Witnesses
18

19      Assuming that plaintiff could establish purposeful availment and that her
20  claim arises out of One Technologies' forum-related activities, the Court should
21  still dismiss One Technologies because the exercise of jurisdiction over it would be
22  unfair and unjust. *Asahi Metal Industry Co., Ltd. v. Superior Court*, 480 U.S. 102,
23  113 (1987) (in making the "reasonableness" determination, courts consider "the
24  burden on the defendant, the interests of the forum State, and the plaintiff's interest
25  in obtaining relief.").

26      Here, the burden imposed on One Technologies by having to litigate in
27  California is significant.  All of One Technologies' documents and witnesses that
28  might be relevant to this action are located in Texas, its principal place of business.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

47267478                                     DEFENDANT ONE TECHNOLOGIES, LLC'S MOTION TO DISMISS

Zittlau Decl., ¶ 8.  Next, California's interest in pursuing a Delaware Texas limited liability company based in Texas for emails that the company did not direct, control, or even know were sent to a California citizen (*id.*, ¶¶ 12, 14) is minimal. Finally, plaintiff's interest in obtaining relief (to the extent she can prove she is entitled to such relief) is unaffected by dismissal because One Technologies does not contend that it cannot be sued anywhere—just not in California under the facts of this case.

Accordingly, exercising jurisdiction over One Technologies would not comport with "traditional notice of fair play and substantial justice." *Cybersell Inc. v. Cybersell Inc.*, 130 F.3d 414, 415, 418 (9th Cir. 1997) ("so far as [it is] aware, no court has ever held that an Internet advertisement alone is sufficient to subject the advertiser to jurisdiction in the plaintiff's home state.").

## V.    <u>CONCLUSION</u>

Plaintiff cannot establish general jurisdiction because One Technologies is a Texas limited liability company based in Texas that is not otherwise "at home" in California.   Plaintiff cannot establish specific jurisdiction because One Technologies did not send the emails at issue, much less intentionally send them into California or to plaintiff; plaintiff's claims arise from the conduct of third parties, not One Technologies' conduct; and exercising jurisdiction would be unfair and unjust under the balancing of the equities.  Therefore, the Court should grant One Technologies' motion and dismiss the action under Rule 12(b)(2).

Dated:  July 30, 2019                    VENABLE LLP

By:   /s/ Witt W. Chang
        Ari N. Rothman
        Witt W. Chang
    Attorneys for Defendant
    One Technologies, LLC

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

47267478