1  ANDERSON & JUNG
   J. Daniel Jung, Esq.   (SBN 243436)
2  Thomas Valfrid Anderson, Esq. (SBN 125006)
   21600 Oxnard St., Suite 1030
3  Woodland Hills, CA  91367
   (310) 592-1289
4        Attorneys for Julia G. Durward

5

6

7

8              UNITED STATES DISTRICT COURT
               CENTRAL DISTRICT OF CALIFORNIA
9              WESTERN DIVISION - LOS ANGELES

10

11 Julia G. Durward,                    Case No.: 2:19-CV-06371-GW (AGRx)

12          Plaintiff,                  PLAINTIFF'S OPPOSITION TO
                                        DEFENDANT ONE TECHNOLOGIES,
       v.                               LLC'S MOTION TO DISMISS FOR LACK
13                                      OF PERSONAL JURISDICTION
   One Technologies LLC, and DOES      PURSUANT TO FED. R. CIV. P.
14 1-50, inclusive,                     12(b)(2)

15          Defendants.                 Date:         October 3, 2019
                                        Time:         8:30 a.m.
16                                      Courtroom:    9D

17                                      Action Filed: June 17, 2019
                                        Removal:      July 23, 2019
18                                      Trial Date:   None set

19                                      Hon. Judge George Wu
                                        Courtroom 9D
20

21

22

23

24

25

26

27

28

---

1

# **TABLE OF CONTENTS**

I.    Introduction. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

II.   Relevant Factual History. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

III.  Discussion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
      A.    There is Jurisdiction over Defendant Because Defendants Solicit Business
            From California. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7
            1.    Plaintiff Is Not Currently Seeking General Jurisdiction Over
                  Defendant. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8
            2.    There is Specific Jurisdiction Over Defendant. . . . . . . . . . . . .  8
                  a.    Defendant Availed Itself of the Privilege of Conducting
                        Activities in California. . . . . . . . . . . . . . . . . . . . . 10
                  b.    Plaintiff's Claims in this Action are Substantially Related to
                        OneTech's California Advertising . . . . . . . . . . . . . . . . 15
                  c.    This Court's Exercise of Specific Jurisdiction over Defendant is
                        Reasonable. . . . . . . . . . . . . . . . . . . . . . . . . . . . 16
                        (1)   Defendant Purposefully Injected Themselves Into
                              California. . . . . . . . . . . . . . . . . . . . . . . 17
                        (2)   The Burden To Prosecute In California Upon Defendant
                              Is Minimal As Compared To The Burden Upon Plaintiff
                              Prosecuting In Texas. . . . . . . . . . . . . . . . . . 17
                        (3)   Exercising Jurisdiction Would Not Interfere with the
                              Sovereignty of Texas. . . . . . . . . . . . . . . . . . 19
                        (4)   California Has a Strong Interest in Litigating this Case
                              Here. . . . . . . . . . . . . . . . . . . . . . . . . . 19
                        (5)   California is the Most Efficient Location for the Judicial
                              Resolution of This Controversy. . . . . . . . . . . . . 19
                        (6)   The Forum's  Importance to Plaintiff's Interest in
                              Convenient and Effective Relief. . . . . . . . . . . . . 20
                        (7)   Existence of an Alternative Forum. . . . . . . . . . . . 20

IV.   Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

TABLE OF AUTHORITIES

**Cases**

Gator.Com Corp. v. L.L. Bean, Inc. 398 F.3d 1125 (9th Cir. 2005) . . . . . . . . . . . . . . . 12

Zoobuh, Inc. v. Williams, 2014 WL 7261786 (D. Utah Dec. 18, 2014) . . . . . . . . . . . . 12

Alsop v. Carolina Custom Prods., Inc., No. 07-cv-0212, 2007 U.S. Dist. LEXIS 65679, 2007 WL 2441025 (C.D. Cal. June 29, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13

AM Trust v. UBS AG, 78 F.Supp.3d 977 (N.D.Cal. Jan. 29, 2015) . . . . . . . . . . . . . . . 10

Beyond Sys., Inc. v. Connexus Corp., No. CV0801039RGKPLAX, 2008 WL 11338256 (C.D. Cal. Nov. 24, 2008.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Beyond Sys., Inc. v. Kraft Foods, Inc., No. CIV.A. PJM-08-409, 2010 WL 3059344 (D. Md. Aug. 4, 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Burger King Corp. v. Rudzewicz, 471 U.S. 462 (1985) . . . . . . . . . . . . . . . . . 7, 10, 18

Cascade Corp. v. Hiab-Foco AB, 619 F.2d 36 (9th Cir. 1980) . . . . . . . . . . . . . . . . . . 12

DeWitt v. DeVry Univ., Inc., No. A142444, 2015 WL 4120482 (Cal. Ct. App. July 8, 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Dole Food Co., Inc. v. Watts, 303 F.3d 1104 (9th Cir.2002). . . . . . . . . . . . . . . 10, 16, 17

Ferron v. Echostar Satellite, LLC, No. 2:06-CV-00453, 2008 WL 11451432 (S.D. Ohio Sept. 5, 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

Gator.Com Corp. v. L.L. Bean, Inc., 341 F.3d 1072 (9th Cir. 2003). . . . . . . . . . . . . . . 12

Giangola v. Walt Disney World Co., 753 F. Supp. 148 (D.N.J. 1990) . . . . . . . . . . . . . 12

Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915 (2011) . . . . . . . . . . . 7

Haas v. A.M. King Indus., Inc., 28 F. Supp. 2d 644 (D. Utah 1998) . . . . . . . . . . . . . . 13

Hall v. LaRonde, 56 Cal.App.4th 1342 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

International Shoe Co. v. Washington, 326 U.S. 310 (1945). . . . . . . . . . . . . . . . . . . . . 7

Keeton v. Hustler Magazine, Inc., 465 U.S. 770 (1984) . . . . . . . . . . . . . . . 9, 14, 15

Neuromechanical, LLC v. Kiro Kids Pty. Ltd., WL 333337 (D. Ariz. Jan. 31, 2011.) 12,13

Pavlovich v. Superior Court, 29 Cal.4th 262 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Phillips v. Worldwide Internet Sols., No. C 05-5125 SBA, 2006 WL 1709189 (N.D. Cal. June 20, 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Shaffer v. Heitner, 433 U.S. 186(1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Sher v. Johnson, 911 F.2d 1357 (9th Cir.1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

<u>Vons Companies, Inc. v. Seabest Foods, Inc.</u>, 14 Cal. 4th 434 (1996) . . . . . . . . . . . . . 15

<u>Walden v. Fiore</u>, 571 U.S. 277 (2014)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

<u>World-Wide Volkswagen Corp. v. Woodson,</u> 444 U.S. 286 (1980) . . . . . . . . . . . . . . . 7

<u>Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme,</u> 433 F.3d 1199 (9th Cir.
2006)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

**Statutes**

California Bus. & Prof. Code § 17529.2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 19

California Bus. & Prof. Code § 17529.5 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

California Code of Civil Procedure § 410.10 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

CAN-SPAM Act . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

## I.     Introduction.

Defendants cannot state that they did not know that e-mails were being sent to California residents because they have thousands of clients in San Francisco and pays California state income taxes on their California sales.

Defendant One Technologies ("OneTech" or "Defendant"), a business that was founded in an apartment in San Francisco, has thousands of customers in San Francisco, pays California state income tax and still deliberately and purposefully avails itself of the benefits of doing business in California though its highly interactive web site specifically programmed to solicit California residents.

Defendant cannot be permitted to cause foreseeable mayhem in a foreseeable jurisdiction that they regularly solicit, accept business from, and profit from, yet escape responsibility by alleging ignorance when hiring third parties to cause the mayhem.

Plaintiff opposes OneTech's Motion to Dismiss, as it focuses on all of the wrong facts and ignores the facts that this Court requires to make an order on jurisdiction. Specifically, OneTech focuses on: a) the fact that it did not send the emails at issue in this law suit, when the proper inquiry is whether Defendant is advertised in the e-mails at issue; b) the fact that it did control where the e-mails were sent, when the proper inquiry is whether it caused third parties to send its e-mail advertisements to California residents; c) the fact that it has didn't know where the e-mails advertisements were being sent when the proper inquiry is whether it was foreseeable that the e-mails were directing California residents to its highly interactive web site,  specifically programmed, to solicit California residents; d) the fact that it does not instruct its affiliates send e-mails to California customers in particular, when the proper inquiry is whether it derives a benefit from its e-mail advertisements sent to California residents.

Alternatively, Defendant's Motion to Dismiss is premature because Plaintiff have not had an opportunity to conduct jurisdictional discovery. Plaintiffs ask this Court to deny Defendant's motion, or, at a minimum, continue the hearing,  and allow Plaintiffs to conduct jurisdictional discovery.

## II.     Relevant Factual History.

In October 2000, One Technologies was founded in San Francisco, California. (See Plaintiff's Request For Judicial Notice ("PRFJN")  ¶ 1.) One Technologies still pays income tax in California.

On January 15, 2014, William Silverstein ("Silverstein") sued OneTech for being advertised in more than 380 e-mails sent to Silverstein in Los Angeles County, California with an almost identical fact pattern to this lawsuit. (See Silverstein Decl. ¶ 15.)

On October 28, 2014, Silverstein entered into a settlement agreement containing two relevant provisions, one, if Silverstein received more spam, that OneTechnologies would pay Silverstein money for each future e-mail sent to him in California, and 2, that any future litigation would be solely in Los Angeles California.  (See Silverstein Decl. ¶ 16.)

On November 17, 2014, the Federal Trade Commission filed suit against Onetech in Federal District Court, Northern District of California (See PRFJN ¶ 2.)   One of the allegations in this lawsuit, alleged that OneTech had thousands of customers of its web site based business in San Franscico California. (Ibid. at ¶ 3.)  This suit ended with a stipulated judgment in which OneTech paid twenty-two million dollar and admitted that there was jurisdiction in California. (See Zittlau, Decl. Attachment A, Dkt #9-2, page 24 of 42, ¶ 1, 3.). As part of this stipulated judgment, Defendant consented that jurisdiction remains in the Federal District Court, Northern District of California. (See Zittlau, Decl. Attachment A, Dkt #9-2, page 35 of 42.)

Silverstein filed another lawsuit against Defendant in Los Angeles Superior Court on November 26, 2018, as a result of him receiving more e-mails advertising Defendant. (Silverstein Decl. ¶ 17.) Defendant, OneTech did not dispute jurisdiction in this lawsuit. (Silverstein Decl. ¶ 17.) In fact, on February 28, 2019, Defendant's in-house counsel met with Silverstein in Los Angeles to discuss settlement in this lawsuit. (See Silverstein Decl. ¶ 18.)

On December 21, 2018, Defendant was sued in Federal District Court, Eastern

District of California, case number 2:18-cv-03253. (See Plaintiff's Request for Judicial Notice ¶ 5.) This lawsuit alleged that Defendant engaged in illegal solicitations of California residents for Defendant's services. Ibid.

The instant lawsuit was filed on June 17, 2019 and removed to this Court by Defendant on June 24, 2019. The instant motion was filed on July 30, 2019.

**III.    Discussion.**

    **A.    There is Jurisdiction over Defendant Because Defendants Solicit Business From California.**

The starting point for an analysis of personal jurisdiction is the forum state's long arm statute. California Code of Civil Procedure § 410.10 sets forth this state's long arm statute and provides that, *"a court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States." "Opinions in the wake of the pathmarking International Shoe decision have differentiated between general or all-purpose jurisdiction, and specific or case-linked jurisdiction."* <u>Goodyear Dunlop Tires Operations, S.A. v. Brown</u>, 564 U.S. 915, 919.

A court may assert general jurisdiction over foreign corporations to hear any and all claims against them when ties that State are so *"continuous and systematic"* as to render them essentially at home in the forum State. Ibid. citing <u>International Shoe Co. v. Washington</u>, 326 U.S. 310 (1945).

When individuals "purposefully derive benefit" from their interstate activities, it is unfair to allow such individuals to escape having to account for their activities in the state from which they purposefully derived a benefit, for the consequences that arise from such activities. <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 471 (1985). Minimum contacts can be electronic or created through the use of the telephone, mail, or e mail. (<u>Hall v. LaRonde,</u> 56 Cal.App.4th 1342, 1344, 1346 1347 (1997).) What is important "is that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." (<u>World-Wide Volkswagen Corp. v.</u>

Woodson 444 U.S. 286, 297 (1980).)  A court may exercise specific jurisdiction over a nonresident defendant only if: (1) "the defendant has purposefully availed himself or herself of forum benefits"; (2) *"the 'controversy is related to or "arises out of" [the] defendant's contacts with the forum"*; and (3) "the assertion of personal jurisdiction would comport with "fair play and substantial justice." Pavlovich v. Superior Court, 29 Cal.4th 262, 269 (2002).

### 1.    Plaintiff Is Not Currently Seeking General Jurisdiction Over Defendant.

Plaintiff believes that there may sufficient facts that will establish general juridiction over Defendant including the fact that they pay California state income taxes. However, with jurisdictional discovery, Plaintiff will find additional facts that will establish general jurisdiction over Defendant, if need.

Defendant's business is web based. (See Declaration Zittlau ¶ 9.) This web site is highly interactive and specifically programmed to solicit California residents. (See Silverstein Decl. ¶¶ 21, 22.)

Defendant admitted paying California income taxes. (See Declaration of Zittlau ¶ 13)

Plaintiff believes that jurisdictional discovery will likely establish general jurisdiction, but would be unnecessary as Plaintiff believes that the Court will find specific jurisdiction.

If the Court does not find specific jurisdiction, Plaintiff requests that the Court permits Plaintiff to engage in jurisdictional discovery and argue for both general and specific jurisdiction.

### 2.    There is Specific Jurisdiction Over Defendant.

*"Purposeful availment," is the "constitutional touchstone" of personal jurisdiction, Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985)*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

*(emphasis in original), and is present where the defendant's conduct and connection with the forum are such that he " 'should reasonably anticipate being haled into court there.' " Id. at 474 (quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 295 (1980) ). "This 'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, or of the 'unilateral activity of another party or a third person.' " Burger King Corp., 471 U.S. at 475 (internal citation omitted). The " 'purposeful availment' requirement is satisfied when the defendant's contacts with the forum state 'proximately result from actions by the defendant himself that create a substantial connection with the forum state....' " CompuServe, 89 F.3d at 1263 (quoting Burger King, 471 U.S. at 475) (emphasis in original). The quality and nature of the defendant's contacts are crucial to the determination of purposeful availment. Hansen v. Denckla, 357 U.S. 235, 253 (1958).*

16

17

Ferron v. Echostar Satellite, LLC, No. 2:06-CV-00453, 2008 WL 11451432, at *3 (S.D. Ohio Sept. 5, 2008)

18

19

20

21

*"Physical presence in the forum is not a prerequisite to jurisdiction, Burger King, supra, at 476, physical entry into the State—either by the defendant in person or **through an agent,** goods, mail, or some other means—is certainly a relevant contact. See, e.g., Keeton, supra, at 773–774."*

22

Walden v. Fiore, 571 U.S. 277, 285 (2014) [emphasis added]

23

24

25

26

27

28

The test of whether a forum State may assert specific jurisdiction over a nonresident defendant 'focuses on the *"relationship among the defendant, the forum, and the litigation."* Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 775 (1984) (quoting Shaffer v. Heitner, 433 U.S. 186, 204 (1977).) The exercise of specific jurisdiction *"is consistent with due process"* only when *"the defendant's suit-related conduct ... create[s] a substantial connection with the forum state."* Ibid. at 776; see also Burger King Corp.

v. Rudzewicz, 471 U.S. 462, 474, (1985) (*"the constitutional touchstone remains whether the defendant purposefully established 'minimum contacts' in the forum state"*).

In determining whether specific jurisdiction is appropriate, courts apply a three-part analysis:

> *(1) the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privileges of conducting activities in the forum, thereby invoking the benefits and protections of its laws;*
>
> *(2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and*
>
> *(3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.*

Dole Food Co., Inc. v. Watts, 303 F.3d 1104, 1111 (9th Cir.2002).

The plaintiff bears the burden of satisfying the first two prongs of the test for specific jurisdiction. Id. (citing Sher v. Johnson, 911 F.2d 1357, 1361 (9th Cir.1990).) *"If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable."* Id. (quoting *1022 Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476–78 (1985).) In a purported class action, specific jurisdiction must be demonstrated by the named Plaintiffs. See, e.g., AM Trust v. UBS AG, 78 F.Supp.3d 977, 986–87,(N.D.Cal. Jan. 29, 2015) ("claims of unnamed class members are irrelevant to the question of specific jurisdiction").

### a.   Defendant Availed Itself of the Privilege of Conducting Activities in California.

Defendant primary business is their web site. (See Zittlau Decl. ¶ 9.) Defendant's highly interactive web site is specifically programmed to accept California residents as customers. (See Silverstein Decl. ¶ 21.)  Defendant's sales of its service is a monthly

subscription model, where Defendant's customers pay every month. (See Silverstein Exhibit A, ¶¶ 3, 4.) Defendant has successfully solicited thousands of Customers in San Francisco. (See PRFJN ¶¶ 3, 4.)

Defendant has availed itself of doing business in California to the extent that it is required to pay California state income tax. (See Zittlau Decl. ¶ 9.)

Defendants clearly programmed it's website for California customers not only by using California specific programming the web site not only by including a state selection of California, but also using by using California specific language in its terms and conditions. (See Silverstein Decl. ¶ 22.) If Defendant did not want to solicit California residents and be subject to California jurisdiction, Defendant could have programmed its web site not to allow California residents to join and instructed its affiliates to avoid soliciting California residents, but it did not because it wanted the large market of California. This programming indicates that Defendant is aware of and desires the e-mail marketing of its agents to direct solicitations towards California. Defendant claims that it did not target California residents, but Defendant's web site clearly targets California residents.

Defendant claims it does not control where the e-mails go, however it does not instruct its agents to avoid sending to California and in fact collected significant amounts of money from California residents. Defendant's terms are quite detailed and specifically limits the marking and specifically states that its agents may not target marketing to "consumers outside USA." (See Zittlau Decl. Dkt 9-2, page 15.) California is the most populace state in the USA, why wouldn't  Defendants want to target California? California is among the states with the highest percentage of broadband Internet access.[1] Given this, it only makes sense that Defendant targets solicitations to California. If the California e-mail solicitation is successful, Defendant ratifies its agent's act by accepting

---

[1] Camille Ryan and Jamie M. Lewis, Computer and Internet Use in the United States at *7, American Community Survey Reports (2017), https://www.census.gov/content/dam/Census/library/publications/2017/acs/acs-37.pdf.

1    the money from the consumer and paying a fee to its agent.

2         The Complained of e-mails is the center of Defendant's consistent, ongoing, and

3    sophisticated sales effort that has always included California, probably since its founding

4    in a San Francisco apartment. This is similar to Gator.Com Corp. v. L.L. Bean, Inc., 341

5    F.3d 1072, 1078 (9th Cir. 2003), overturned on other grounds in Gator.Com Corp. v. L.L.

6    Bean, Inc. 398 F.3d 1125, 1127 (9th Cir. 2005), where an out state company is held to be

7    subject to California jurisdiction regular solicitations and sales in California as part of its

8    sophisticated nationwide marketing scheme.

9         Defendant mistakenly relies the unpublished case of Phillips v. Worldwide Internet

10   Sols., No. C 05-5125 SBA, 2006 WL 1709189 (N.D. Cal. June 20, 2006) as that court

11   found that the lawsuit was brought against the wrong party, when it said, *"Wisol had*

12   *provided uncontroverted evidence that Wisol was not the proper Defendant."* Ibid. at *6.

13   Again, Defendant's reliance upon the unpublished case of Zoobuh, Inc. v. Williams, 2014

14   WL 7261786 (D. Utah Dec. 18, 2014) is misplaced as one of the defendants in Zoobuh,

15   Thrive, neither sent nor was advertised in the e-mails, but instead was solely a go-

16   between, and here Defendant is the actual advertiser. Furthermore, Thrive's income in the

17   jurisdiction, Utah, was *de minimus*. If Defendant's income in California is *de minimus*,

18   Defendant would have stated so.

19        Defendant's multiple cites to advertising in national publications are all unavailing:

20   Giangola v. Walt Disney World Co., 753 F. Supp. 148, 156 (D.N.J. 1990), Alsop v.

21   Carolina Custom Prods., Inc., No. 07-cv-0212, 2007 U.S. Dist. LEXIS 65679, 2007 WL

22   2441025, at *7 (C.D. Cal. June 29, 2007), Cascade Corp. v. Hiab-Foco AB, 619 F.2d 36,

23   37 (9th Cir. 1980), and Neuromechanical, LLC v. Kiro Kids Pty. Ltd., WL 333337 (D.

24   Ariz. Jan. 31, 2011.)  All stand for the proposition that an advertisement in a national

25   publication does not confer jurisdiction.[2] What Defendant ignores is that a single

26

27        [2]  Though Neuromechanical is regarding a listserv, a listserv is essentially
28   equivalent to a magazine subscription "A listserv is an automatic mailing list service that
     amounts to an e-mail discussion group. Subscribers receive and send messages that are

advertisement in a national magazine is only a small portion of the content. Here, the entire e-mail is an advertisement directing the recipient to Defendant's web site, an advertisement for Defendant's service. Defendant furthers ignores that the in forum income from the above cited cases are *de minimis*. Haas v. A.M. King Indus., Inc., 28 F. Supp. 2d 644, 650 (D. Utah 1998) ("one-tenth of one percent of the defendant's total business nationwide");  Neuromechanical, supra at *3 ("approximately one percent of all Dynamic Chiropractic subscribers are based in Arizona"); Alsop, supra at *7 ("one percent of sales were to California residents during the fifteen month period ending March 31, 2007, and none of these sales included the allegedly infringing products" ). Furthermore, in Alsop, supra *2, when the motorcycle was donated, the defendant had no knowledge which cities the tour would visit and that there were no attempts at solicitation within the forum state. In contrast, each of the complained of e-mail directs the recipient to Defendant's highly interactive web site which is specifically designed to solicit business from California residents. Defendant's failure to identify the amount of income from California versus the other states, clearly is a defacto admission that California is only not de minimus, but is likely a major source of Defendant's income.

 As part of Defendant's sophisticated marketing program, Defendant partnered with a corporation headquartered in San Francisco to manage some of its marketing. (See PRFJN ¶ 6.) Defendant also manages their marketing through another California Business, Cake Marketing. ("Cake")  (See Silverstein Decl. ¶ ¶ 26, 27, Exhibits B, C, and D.)

 The links in each of the complained of e-mails route the recipient though Cake. (See Silverstein Decl. ¶¶ 30, 31.) Defendant's apparently instructed their affiliates to route the e-mails advertising its business through Cake. (See Silverstein Decl. ¶¶ 30, 31,

---

distributed to all others on the listserv." Ian C. Ballon, E–Commerce and Internet Law: Treatise with Forms, Glossary of Terms, at 30 (2001). Batzel v. Smith, 333 F.3d 1018, 1022 (9th Cir. 2003)

and Astra Decl. Exhibit A, ¶ 2.9.) Cake is headquartered in Newport Beach (See Silverstein Decl. ¶ 32 and Silverstein Exhibit D.)

Defendant was aware that spam directing recipients to its web site were going to California residents as it had been sued multiple time for hundreds of e-mails advertising its web based business. Furthermore as the most populace state in the country, Defendant would not only target California for its solicitations, but was also aware that its advertising e-mails were being sent to California residents, but did nothing to stop it. Additionally, Defendant has been sued for making illegal unsolicited telephone calls to California residents which further indicates that Defendant intentionally targets California with its soliciatations. (See PRFJN ¶ 5.)

To summarize Defendant's known contacts in this jurisdiction: (1) thousands of customers in San Francisco and likely more throughout the state; (2) several hundred e-mails to at one other person in Los Angeles, William Silverstein and hundreds of thousands to California residents; (3) on two separate occassions, insisted on future litigation in Los Angeles, County; (4) consented to further litigation be in the Northern District of California in a previous case; (5) partnered with two California businesses to handle its marketing;(6) have all the complained of e-mails go through the server of it's California partner; (7) programmed its web site specifically to accept business from California residents; and lastly and added language to its web site specifically for California residents.

If the court in <u>Keeton v. Hustler Magazine, Inc.</u>, 465 U.S. 770, 773 (1984) found that the regular circulation of magazines in the forum State is sufficient to support an assertion of jurisdiction, then Defendant's regular solicitations and sales of monthly subscriptions of its service to California residents is sufficient to support California jurisdiction here.

It is clear that Defendant directed its marketing efforts to and through California to create sufficient forum-related contacts which establishes personal jurisdiction in California.

1

### b.   Plaintiff's Claims in this Action are Substantially Related to OneTech's California Advertising

2

3      It is well-established that the forum-related activities must have a substantial

4   relationship to the plaintiff's claims in order for specific jurisdiction to exist.  <u>Vons</u>

5   <u>Companies, Inc. v. Seabest Foods, Inc.</u>, 14 Cal. 4th 434 (1996), 456; <u>Keeton v. Hustler</u>

6   <u>Magazine, Inc.</u>, 465 U.S. 770, 775 (1984) ("In judging minimum contacts, a court

7   properly focuses on 'the relationship among the defendant, the forum, and the litigation.'

8   (citations omitted).)  A claim need not arise directly from the defendant's forum contacts

9   in order to be sufficiently related to contant to warrant the exercise of specific

10  jurisdiction. <u>Vons</u>, supra at 452. Rather, as long as the claim bears a substantial

11  connection to the nonresident's forum contacts, the exercise of specific jurisdiction is

12  appropriate. Id. Even a *"single forum state contact can support jurisdiction if the cause of*

13  *action arises out of that particular purposeful contact of the defendant with the forum*

14  *state."* <u>Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme,</u> 433 F.3d 1199,

15  1210 (9th Cir. 2006) (internal citation, quotation signals, and ellipses omitted)

16      Here, the complaint is for Defendant's unlawful solicitations into California. As

17  discussed above, the complained of e-mails are part of Defendant's extensive campaign

18  of solicitation of California residents for monthly subscriptions to its highly interactive

19  web site, which were successful enough to obtain thousands of customers in San

20  Francisco. Defendant's sales were so successful, so that Defendant was subjected to

21  California income tax.

22      This cause of action is a direct result of Defendant's solicitations of Plaintiff as

23  each of the complained of the e-mails advertises Defendant's highly interactive web site.

24  Defendant's highly interactive web site is a solicitation in and of itself and is specifically

25  designed to solicit California residents to sign-up for Defendant's monthly subscription

26  as it includes California specific language and California specific programming. (See

27  Silverstein Decl. ¶¶ 21, 22.)

28      Defendant attempts to differentiate successful solicitations which require their

payment of income taxes to California from the unsuccessful solicitation of Plaintiff is without merit. The law only requires a cause of action be related to the California contacts. Here, the complained of e-mails are part of Defendant's attempts at making sales in California. Defendant concedes that it advertised in the emails at issue in this lawsuit, by failing to argue otherwise. If the e-mails solicitations, some of which were received by Plaintiff,  are  successful, then the recipient would be at Defendant's web site at a page requesting that the recipient inputs his or her credit card number as part of the signing up for Defendant's service. Without these solicitations, Defendant would not have thousands of customers in San Francisco and be required to pay California income tax. However in either case, this lawsuit is not for the service itself, but for the solicitations of that service. There only needs to be a substantial connection between the subject of the litigation, the transmission of advertising to California residents, to the instate activities of Defendant which is the solicitation and sales to California residents.

The actual sales of memberships to California residents of Defendant's web based subscriptions are the successful culmination of Defendant's consistent, ongoing, and sophisticated marketing targeted at Californian. There only needs a be substantial connection, not a direct causal connection between the complained of e-mails and the sales in California. Therefore, there is a substantial connection between Plaintiffs' claims and Defendant's sales in California.

        **c.**      **This Court's Exercise of Specific Jurisdiction over Defendant is Reasonable.**

*"Once it has been decided that a defendant purposefully established minimum contacts with a forum, "he must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable" in order to defeat personal jurisdiction. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 477, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)."*

<u>Dole Food Co.,</u> supra at 1114.

*"In determining whether the exercise of jurisdiction comports with "fair play*

PLAINTIFF'S OPPOSITION
TO MOTION TO DISMISS

*and substantial justice," and is therefore "reasonable," we consider seven*
*factors under our case law: (1) the extent of the defendants' purposeful*
*injection into the forum state's affairs; (2) the burden on the defendant of*
*defending in the forum; (3) the extent of conflict with the sovereignty of the*
*defendant's state; (4) the forum state's interest in adjudicating the dispute;*
*(5) the most efficient judicial resolution of the controversy; (6) the*
*importance of the forum to the plaintiff's interest in convenient and effective*
*relief; and (7) the existence of an alternative forum. See, e.g., Caruth, 59*
*F.3d at 128-29."*

Ibid.

### (1)   Defendant Purposefully Injected Themselves Into California.

One cannot imagine that paying income taxes in California is not an admission that Defendants purposefully injected themselves into California or lack knowledge that they had California clients.

As discussed above, Defendant purposefully injected themselves into California by sending e-mails and telephone solicitations into California and then profited by the of sales to San Francisco residents. As discussed above, Defendant's programming of its interactive web sites to solicit California residents access is another purposeful injection of itself to California. As discussed above, Defendant injected themselves into the California Courts by entering settlement agreements and stipulated judgments which required future litigation be in California.

Where Defendant has injected itself into California for a profit and subjected themselves to future litigation in California, the balance here is for California.

### (2)   The Burden To Prosecute In California Upon Defendant Is Minimal As Compared To The Burden Upon Plaintiff Prosecuting In Texas.

*"because modern transportation and communications have made it much less*

PLAINTIFF'S OPPOSITION
TO MOTION TO DISMISS

*burdensome for a party sued to defend [itself] in a State where [it] engages in economic activity, it usually will not be unfair to subject him to the burdens of litigating in another forum for disputes relating to such activity."*

Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985)

Defendants failed to provide substantive facts that it would be costly for them to litigate this dispute in California, a state that they derive substantial income from. Additionally, Plaintiff will need to subpoena Cake, which is headquartered in California. (See Silverstein Decl. ¶ 32 and Silverstein Exhibit D.) Plaintiff cannot require Cake to appear in Texas.

Defendant concedes that it not a hardship for it to defend in California. As it had not stated such. (See Zittlau Decl. generally.) Defendant has an attorney, Ari Rothman who is well known for litigating spam cases like this. (DeWitt v. DeVry Univ., Inc., No. A142444, 2015 WL 4120482 (Cal. Ct. App. July 8, 2015), Beyond Sys., Inc. v. Kraft Foods, Inc., No. CIV.A. PJM-08-409, 2010 WL 3059344 (D. Md. Aug. 4, 2010), Beyond Sys., Inc. v. Connexus Corp., No. CV0801039RGKPLAX, 2008 WL 11338256 (C.D. Cal. Nov. 24, 2008.).)

Unlike Defendant, prosecuting in Texas would be an undue hardship for Plaintiff. Not only does she not have counsel in Texas, but she knows of no counsel in Texas. Additionally, it is unlikely that a Texas attorney would be familiar with California anti-spam laws, and even in California spam litigation is a niche practice. Furthermore Plaintiff has never been to Texas or even knows anyone in Texas. Additionally, it would be very difficult for Plaintiff to travel to Texas. (See Durward Decl..)

Defendant has agreed, in the past, to litigate disputes related to spam in Los Angeles. (See Silverstein Decl. ¶ 16.) Defendant's in-house counsel has met with Silverstein in Los Angeles on February 28, 2019, indicating that here is no problem for Defendant to travel. (See Silverstein Decl. ¶ 19.)

**(3)**    **Exercising Jurisdiction Would Not Interfere with the Sovereignty of Texas.**

This is case where a Texas business caused illegal advertising to be sent into California in an effort to solicit money from and received money from California residents.

Texas have filed spam litigation against spammers showing that Texas has an interest in reducing spam rather than harboring spammers. (See <u>Texas v. Pitylak</u>, W.D. Tex. No. A-05-CA-017-SS, Silverstein Exhibit E.). Furthermore, the state of Texas did not object to Silverstein prosecuting multiple lawsuits in California against One Technologies. (See Silverstein Decl. ¶ 18.)

Where the sovereignty of Texas is not at stake, the balance of this test favors California.

**(4)**    **California Has a Strong Interest in Litigating this Case Here.**

Here, California has a strong interest in protecting its citizens from spam and Defendant's conduct. California Bus. & Prof. Code § 17529.2 banned all spam 2003. When the CAN-SPAM Act was passed preempting Bus. & Prof. Code § 17529.2, California passed Bus. & Prof. Code § 17529.5 to ban as much spam as possible within the limits of the CAN-SPAM preemption.

Where California has a strong interest in protecting its citizens from spam, the balance of this test favors California.

**(5)**    **California is the Most Efficient Location for the Judicial Resolution of This Controversy.**

Plaintiff and third party witnesses are located in California. Both Plaintiff and Defendants have counsel in California. Plaintiff is likely unable to obtain counsel in Texas with experience in spam litigation.

As discussed above, Plaintiff will likely subpoena Cake, which is subject to subpoena in California, not Texas. Plaintiff may need to subpoena Defendant's agent who actually transmitted the e-mails at issue.

1    The Defendant's agent who sent the e-mails probably is located in California, as
2  Defendant failed to identify where this agent it. Defendant has had sufficient information
3  to identify the sender of the e-mails at issue since March 1, 2019. (See Silverstein Decl. ¶
4  33.) Defendant's having the ability to identify the sender of the e-mail, but failing to do
5  so permits the inference that sender is in California. If the sender was not in California,
6  Defendant would have identified the sender and argued that that Texas was the most
7  appropriate jurisdiction for this litigation.
8    Therefore the balance of this test favors California.
9
10    **(6)    The Forum's  Importance to Plaintiff's Interest in Convenient**
11    **and Effective Relief.**
12    Here, the only relief sought is money. Where a check can be easily mailed or the
13  money wired, there is no importance to this forum for the relief.
14    Therefore the balance of this test is neutral.
15    **(7)    Existence of an Alternative Forum.**
16    Currently the only parties are in Los Angeles and Dallas. However, it is possible
17  that the sender of the e-mail will be included in this lawsuit. If the sender is not located in
18  California, which possibility is discussed above, then there is an alternate forum of
19  Dallas.
20    Therefore, at this time, the balance of this test is neutral. If the sender was included
21  in this litigation, the balance will shift to Los Angeles.
22
23
24
25
26
27
28

**IV.   Conclusion.**

Defendant paying state income tax shows that there is likely general jurisdiction over Defendant. Further discovery will likely disclose sufficient facts to establish general jurisdiction, if needed.

Even without general jurisdiction, being required to pay income tax in California from their successful solicitations indicates strong ties to California. Defendant's solicitation of Plaintiff is related to Defendants successful solicitations.

As discussed above, Defendant had their agents send e-mails into California, programmed their highly interactive web sites to solicit business from California, and profit from California. It would be just plain wrong to allow them to cause mayhem in a forum that they significantly profit and then not be called to task in California. Especially when it would be a great hardship for Plaintiff to go to Texas to seek justice.

If the Court does not find jurisdiction in this case, Plaintiff respectfully requests that she be permitted jurisdictional discovery.


Dated:        September 12, 2019

                          ANDERSON & JUNG



                          /s/ J. Daniel Jung
                          J. Daniel Jung