UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-6371-GW-AGRx | Date | December 19, 2019 |
|---|---|---|---|
| Title | *Julia G. Durward v. One Technologies LLC, et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Javier Gonzalez | Terri A. Hourigan | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Ju-In Daniel Jung | Ari N. Rothman |
| | Bryan J. Weintrop |

**PROCEEDINGS:** **PLAINTIFF'S MOTION FOR LEAVE TO DO JURISDICTIONAL DISCOVERY [33]**

The Court's Tentative Ruling is circulated and attached hereto. Court hears oral argument. Based on the Tentative, and for reasons stated on the record, Plaintiff's Motion is GRANTED.

The Court sets a status conference for February 6, 2020 at 8:30 a.m., with a joint status report to be filed by noon on February 3, 2020.

: 16

Initials of Preparer JG

*Julia G. Durward v. One Technologies LLC, and DOES 1-50 inclusive*; Case No. 2:19-cv-06371-GW-(AGRx); Tentative Ruling on Motion for Jurisdictional Discovery

I. **Background**

Plaintiff Julia Durward sues Defendants One Technologies LLC ("OneTech") and Does 1-50 inclusive for violations of the California Business and Professions Code § 17529.5(a)(1) and (2). *See generally* Complaint, Docket No. 1-1. Plaintiff seeks statutory damages of $1,000 per email, attorneys' fees, and costs. *Id.* ¶ 5. Plaintiff alleges that she received unsolicited commercial emails ("spam") from Defendant. *See generally id.*

Plaintiff brought suit in Los Angeles Superior Court, and Defendants removed to this Court. *See generally* Notice of Removal, Docket No. 1. Defendants filed a Motion to Dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2). *See generally* Motion to Dismiss ("MTD"), Docket No. 9. Plaintiff filed a Motion to Remand for lack of Article III standing. *See* Motion to Remand ("MTR"), Docket No. 17. This Court granted the MTD and denied the MTR on October 7, 2019. *See* Amended Minutes, Docket No. 31; *see also* Minutes of Plaintiff's Motion to Remand and Defendant's Motion to Dismiss, Docket No. 29. During a status conference on October 10, 2019, the Court stated that it would allow Plaintiff to file a Motion for Jurisdictional Discovery. *See* Minutes of Telephonic Conference, Docket No. 32. Plaintiff now moves for jurisdictional discovery. *See* Motion for Jurisdictional Discovery ("Motion"), Docket No. 33. Defendant opposes, *see* Opposition to Motion for Jurisdictional Discovery ("Opp'n"), Docket No. 35, and Plaintiff replies, *see* Reply in Support of Motion for Jurisdictional Discovery ("Reply"), Docket No. 36.

II. **Legal Standard[1]**

Jurisdictional discovery "should ordinarily be granted where 'pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Butcher's Union Local No. 498 v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986) (quoting *Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280, 1285 n.1 (9th Cir., 1977). District courts have significant discretion in determining whether or not to grant

---

[1] Defendant begins by arguing that the Motion should be construed as a motion for reconsideration and thus be subject to a stricter standard of review. However, this Court specifically allowed Plaintiff to file the Motion for Jurisdictional Discovery, so the Court will apply the regular jurisdictional discovery standard.

1

jurisdictional discovery. *See Barantsevich v. VTB Bank*, 954 F. Supp. 2d 972, 996 (C.D. Cal. 2013). However, jurisdictional discovery is not appropriate when it amounts to no more than a "fishing expedition." *Id.*

### III. Discussion

#### A. General Jurisdiction[2]

Plaintiff first requests jurisdictional discovery in order to establish general jurisdiction over Defendant. A corporation may be subject to general jurisdiction in a state only if its contacts with that state are so "continuous and systematic" that it is "essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). The "paradigm forum" for a corporation is its place of incorporation and principal place of business. *Goodyear*, 564 U.S. at 924. The Supreme Court has recognized "the possibility that in an exceptional case . . . a corporation's operations in a forum other than its formal place of incorporation or principal place of business may be so substantial and of such a nature as to render the corporation at home in that State." *Daimler*, 571 U.S. at 139 n.19. As an example, the Supreme Court cited to *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437 (1952), in which the Court approved the exercise of general jurisdiction over a foreign corporation whose president had moved to Ohio during World War II, keeping an office, maintaining the company's files, conducting bank transactions, and making key business decisions from Ohio. *Id.* at 447-48. General jurisdiction in Ohio was appropriate in that case because "[i]n those circumstance, Ohio was the corporation's principal, if temporary, place of business." *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 779 n.11 (1984).

Plaintiff does not contend that California is Defendant's place of incorporation or its principal place of business. Therefore, the Court must consider whether the jurisdictional discovery Plaintiff requests might establish that Defendant is essentially at home in California. Whether a corporate defendant's contacts with a particular state are sufficient to establish general

---

[2] Defendant argues that Plaintiff waived the right to request jurisdictional discovery in support of general jurisdiction because Plaintiff did not focus on general jurisdiction in his opposition to Defendant's MTD. That is not an accurate reflection of Plaintiff's position in opposition to the MTD. Plaintiff stated: "Plaintiff believes that jurisdictional discovery will likely establish general jurisdiction, but would be unnecessary as Plaintiff believes that the Court will find specific jurisdiction. If the Court does not find specific jurisdiction, Plaintiff requests that the Court permits [sic] Plaintiff to engage in jurisdictional discovery and argue for both general and specific jurisdiction." Opp'n, Docket No. 19, at 8. The Court therefore does not find jurisdictional discovery for purposes of establishing general jurisdiction waived.

jurisdiction turns on the "economic reality of the defendants' activities rather than a mechanical checklist." *Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1331 (9th Cir. 1984). The requirements for general jurisdiction are strict: the Supreme Court has stated that "approv[ing] the exercise of general jurisdiction in every State in which a corporation engages in a substantial, continuous, and systematic course of business" would be "unacceptably grasping." *Daimler*, 571 U.S. 137-38.

Defendant has already established that it does not have any executives or employees located or doing business in California. *See* Declaration of Astra Zittlau ("Zittlau Decl."), Docket No. 9, ¶ 4. Moreover, Defendant does not have any real estate, offices, property, telephone listings, mailing addresses, bank accounts, or other assets in California. *See id.* ¶ 5. Defendant is not licensed or regulated by any California government agency. *See id.* ¶ 7. Plaintiff argues that Defendant's ties to California might suffice for general jurisdiction if a substantial enough percentage of Defendant's business occurs in California. *See LSI Indus. V. Hubbel Lighting, Inc.*, 232 F.3d 1369, 1375 (Fed. Cir. 2000); *Lakin v. Prudential Securities*, 348 F.3d 704 (8th Cir. 2003); *Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560 (2d Cir. 1996). While the Court finds this unlikely, the Court cannot say for certain that there is no possibility that the requested information could reveal sufficient grounds for general jurisdiction. Given the liberal policy in favor of granting jurisdictional discovery, the Court would be inclined to allow limited jurisdictional discovery relating to general jurisdiction. The Court would deny request 1 as irrelevant but allow requests 2-5 and 13-18. Plaintiff has not provided any authority suggesting that information regarding prior settlement agreements is relevant for general jurisdiction, so the Court would deny requests 6-12.

B. <u>Specific Jurisdiction</u>

Next, Plaintiff seeks jurisdictional discovery in order to establish that the Court has specific jurisdiction over Plaintiff. This Court applies a three-prong test for determining whether specific personal jurisdiction exists:

> (1) The nonresident defendant must do some act or consummate some transaction with the forum state or perform some act by which it purposefully avails itself of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must arise out of or result from the defendant's forum-related activity; and/or
>
> (3) the exercise of jurisdiction must be reasonable.

3

*Ochoa v. J.B. Martin & Sons Farms*, 287 F.3d 1182, 1188 (9th Cir. 2002). "[T]he relationship must arise out of contacts that the defendant *himself* creates with the forum state" − not contacts between the plaintiff or third parties and the forum state. *Walden v. Fiore*, 571 U.S. 277, 284 (2014) (internal quotations and citation omitted) (emphasis original). Additionally, the "'minimum contacts' analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Id.* at 285. For jurisdictional discovery regarding specific jurisdiction to be appropriate, then, it must appear possible that the requested discovery will reveal that Defendant purposefully availed itself of the privilege of conducting activities in California and that Plaintiff's alleged injury, the receipt of spam emails, arose from that forum-related activity.

As above, the Court cannot rule out the possibility that jurisdictional discovery would reveal information supporting specific jurisdiction. While Plaintiff's Motion is not particularly clear, Plaintiff appears to suggest that Defendant directed the third-party publishers it works with to target California. To that end, the Court would allow Plaintiff to conduct *limited* discovery related to Defendant's involvement in the sending of the spam emails and whether Defendant targeted California for those emails. Plaintiff's requests in its Motion relating to specific jurisdiction are unreasonably broad. Rather than pick which of Plaintiff's requests to allow, the Court would limit discovery to a total of six narrowly tailored interrogatory requests and two narrowly tailored requests for production. The Court would require Plaintiff to serve these requests within fourteen days of this order. The Court would require Defendant to respond within twenty-one days of receipt of the discovery requests.

### III. Conclusion

The Court would **GRANT** Plaintiff's motion for jurisdiction and venue discovery with the limitations outlined above.