J. Daniel Jung, Esq.  (SBN 243436)
ANDERSON & JUNG
21600 Oxnard St., Suite 1030
Woodland Hills, CA  91367
(213) 927-6922
       *Attorney for Julia G. Durward*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Julia G. Durward,<br><br>            Plaintiff,<br><br>     v.<br><br>One Technologies LLC, and DOES 1-50, inclusive,<br><br>            Defendants. | Case No.: 2:19-CV-06371-GW (AGRx)<br><br>**PLAINTIFF'S REPORT ON THE STATUS OF JURISDICTIONAL DISCOVERY STATUS.** |

## I.    INTRODUCTION AND PROCEDURAL HISTORY.

On December 20, 2019, the Court granted Plaintiff's Motion for Leave to Do Jurisdictional Discovery.  Plaintiff propounded the discovery within the limitations set by the court's December 20, 2019 order. Defendant timely responded, but provided little factual information. Defendant promised to provide the needed factual information, only upon the entering into a protective order signed by this Court.

On January 14, 2020, Defendant's counsel sent a letter to Plaintiff's counsel, regarding the discovery requests. On January 24, 2020, Plaintiff, through counsel,

responded. Counsel were unable to coordinate their schedules for a telephonic meet and confer.  However, in an email, Attorney Rothman stated that he would confer with his client and discuss further with me. However, this did not occur and Plaintiff did not receive his response until February 3, 2020 at 11:06 a.m.

Plaintiff intends to further meet and confer prior to status conference to try to resolve some of the issues in dispute.

## II.   DEFENDANT REFUSED TO ENTER INTO A REASONABLE PROTECTIVE ORDER BECAUSE THEY WISH TO EXCLUDE WILLIAM SILVERSTEIN FROM THIS LITIGATION.

Throughout this case, William Silverstein has been intimately involved in the litigation of this case. Mr. Silverstein has technical expertise in this area because he has been a software engineer for over thirty years. Mr. Silverstein has extensive experience in spam litigation, as a pro per litigant.

Defendant, in its proposed protective order, insisted that Silverstein not be included in the litigation. I had attempted to meet and confer with Attorney Rothman on this issue, several emails were exchanged. Attorney Rothman, on January 29, 2020 stated that he would discuss with his client our response and get back to me. I had heard nothing from him until today's deadline.

Despite Defendant's protests, at no time did Plaintiff reveal information that was not publically available. The information disclosed in Silverstein's Declaration (Dkt #19-1) is information readily available in the files of the Los Angeles Superior Court.

## III. CONCLUSION

Silverstein has not revealed confidential information. Silverstein's involvement is integral to the efficient prosecution of this lawsuit. Plaintiff hopes that the Court can convince Defendant to provide the requested information to Plaintiff so that Plaintiff can have a fair opportunity to establish jurisdiction over Defendant.

Once Defendant provides the information, Plaintiff can determine if the responses actually comply with the request.


Dated:       February 2, 2020.


                              ANDERSON & JUNG

                              /s/ J. Daniel Jung
                              J. Daniel Jung

JURISDICTIONAL DISCOVERY STATUS REPORT

# EXHIBIT A

## EXHIBIT A

JURISDICTIONAL DISCOVERY STATUS REPORT

From:      "Rothman, Ari N." <ANRothman@Venable.com>
Subject:   RE: Julia G. Durward v. One Technologies LLC, et al., USDC CA Central District, Case No. 2:19-cv-
           06371-GW-AGR / Protective Order for Jurisdictional Discovery Purposes
Date:      Mon, February 3, 2020 11:06 am
To:        "Daniel \"Juin\" Jung" <daniel@andersonjung.com>
Cc:        "Chang, Witt W." <WWChang@Venable.com>,"Weintrop, Bryan"
           <BJWeintrop@Venable.com>,"Baber, Jane B." <JBBaber@Venable.com>,"Bill\ Silverstein"
           <andersonjung.com@sorehands.com>

---

Dear Daniel:


We conferred with our client and believe that the confidential information we intend to produce upon the entry
of a protective order responds to interrogatories three and four.  We also believe that Bill Silverstein must not
have access to such confidential information.  We also disagree that complaints are relevant to the jurisdictional
analysis and intend to stand by our objection to that requested discovery.


Ari


**Ari N. Rothman, Esq**. | **Venable LLP**
**office** +1 202.344.4220 | **mobile U.S.** +1 818.925.6114 | **mobile worldwide** +44 7452.382668

600 Massachusetts Avenue, NW, Washington, DC 20001
ANRothman@Venable.com | www.venable.com/ari-n-rothman

---

**From:** Rothman, Ari N.
**Sent:** Wednesday, January 29, 2020 20:22
**To:** 'Daniel "Juin" Jung' <daniel@andersonjung.com>
**Cc:** Chang, Witt W. <WWChang@Venable.com>; Weintrop, Bryan <BJWeintrop@Venable.com>; Baber, Jane
B. <JBBaber@Venable.com>; Bill Silverstein <andersonjung.com@sorehands.com>
**Subject:** RE: Julia G. Durward v. One Technologies LLC, et al., USDC CA Central District, Case No. 2:19-cv-
06371-GW-AGR / Protective Order for Jurisdictional Discovery Purposes


Dear Daniel:


We are discussing with our client the matters you raised in your email below.  We will revert as soon as we have
our client's positions regarding the matters at hand.


Ari

**Ari N. Rothman, Esq.** | **Venable LLP**
**office** +1 202.344.4220 | **mobile U.S.** +1 818.925.6114 | **mobile worldwide** +44 7452.382668

600 Massachusetts Avenue, NW, Washington, DC 20001
ANRothman@Venable.com | www.venable.com/ari-n-rothman

**From:** Daniel "Juin" Jung <daniel@andersonjung.com>
**Sent:** Friday, January 24, 2020 21:42
**To:** Rothman, Ari N. <ANRothman@Venable.com>
**Cc:** Chang, Witt W. <WWChang@Venable.com>; Weintrop, Bryan <BJWeintrop@Venable.com>; Baber, Jane B. <JBBaber@Venable.com>; Bill Silverstein <andersonjung.com@sorehands.com>
**Subject:** Re: Julia G. Durward v. One Technologies LLC, et al., USDC CA Central District, Case No. 2:19-cv-06371-GW-AGR / Protective Order for Jurisdictional Discovery Purposes

Hi Ari,

The below is in response to your letter that was sent to us.

1. The difference between interrogatories 3 and 4 is that they could be different if there are old customers that had returned or if One
Technologies had considered renewals as signups are opposed to continuing customers.

2. The number of complaints regarding emails indicate knowledge of emails that are going into those areas. If there are more complaints coming from an area, it implies that there are more emails going into an area. This takes on greater importance where One Technologies claim that they cannot tell that which sales were from which emails versus other marketing avenues.

3. Silverstein never disclosed confidential information. The information in the declaration regarding past settlements and lawsuits clearly became
public information which he was permitted to disclose when he filed his lawsuit against ███████████
███/2018. Silverstein has had other settlement agreements with some of your other clients, which he has not disclosed.

J. Daniel Jung

On Wed, Jan 22, 2020 at 4:20 AM Rothman, Ari N. <ANRothman@venable.com> wrote:

Dear Daniel:

I am available today between 7:30 a.m. and 9:00 a.m., and 10:00 a.m. to 12:30 p.m., PST.  I am also available on Thursday morning PST but will need some advance notice.

As to substance, the only information we intend to mark as confidential is the number of One Technologies existing and new customers, and gross sales.  Our present intention is to include this information in a confidential chart that we will attach to the interrogatory responses although our client is still considering that option.  Thus, although the chart will comprise much of the substantive information you requested, we will not designate the discovery themselves as confidential.  I will let you know if that changes.  I also will confer with our client about allowing your partners and employees to access and use the confidential information.

Allowing Silverstein to access the confidential information, given his already clear breach and disregard for confidentiality obligations he owed to One Technologies, requires further discussion especially given that he is not an attorney much less counsel of record and thus has no need for the information.  Please be prepared to address these issues, and explain why you need to use the confidential information described above for purposes other than to make your personal jurisdictional arguments.  We also sent you meet and confer correspondence on January 14, 2020, to which we received no response but which is attached hereto again for your convenience.

Would you please let me know when you are available to discuss these issues?

Thanks.

Ari

Ari N. Rothman, Esq. | Venable LLP
office +1 202.344.4220 | mobile U.S. +1 818.925.6114 | mobile worldwide +44 7452.382668

600 Massachusetts Avenue, NW, Washington, DC 20001
ANRothman@Venable.com | www.venable.com/ari-n-rothman

**From:** Daniel "Juin" Jung <daniel@andersonjung.com>
**Sent:** Wednesday, January 22, 2020 00:36
**To:** Rothman, Ari N. <ANRothman@Venable.com>
**Subject:** Re: Julia G. Durward v. One Technologies LLC, et al., USDC CA Central District, Case No. 2:19-cv-06371-GW-AGR / Protective Order for Jurisdictional Discovery Purposes

Hi Ari,

I want to strike the portions regarding William Silverstein not looking at the discovery requesr as well as anybody in our office. I'm assuming your going disagree and thus we can meet and confer this week. Additionally the portion regarding it's use for just the jurisdictional issues really makes no sense. When are you available to have a meet and confer?

On Mon, Jan 20, 2020, 11:32 AM Rothman, Ari N. <ANRothman@venable.com> wrote:

Dear Daniel:

Would you please review the attached protective order and let us know if we may file it with your signature or whether you have any proposed revisions?

Thanks,

Ari

**Ari N. Rothman, Esq.** | **Venable LLP**
**office** +1 202.344.4220 | **mobile U.S.** +1 818.925.6114 | **mobile worldwide** +44 7452.382668

600 Massachusetts Avenue, NW, Washington, DC 20001
ANRothman@Venable.com | www.venable.com/ari-n-rothman

*******************************************************************
This electronic mail transmission may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.
*******************************************************************

*******************************************************************
This electronic mail transmission may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.
*******************************************************************

*******************************************************************
This electronic mail transmission may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.
*******************************************************************

**Attachments:**

| untitled-[1].plain | |
|---|---|
| Size: | 10 k |

Type: text/plain