**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| Julia G. Durward, | CASE NO. 2:19-cv-06371-GW (AGRx) |
| Plaintiff, | Hon. Judge George Wu<br>Courtroom 9D |
| v. | **STIPULATED PROTECTIVE ORDER** |
| One Technologies LLC, and DOES 1-50, inclusive, | Action Filed: June 17, 2019<br>Removal: July 23, 2019<br>Trial Date: None set |
| Defendants. | |

## I. PURPOSES, LIMITATIONS, AND STATEMENT OF GOOD CAUSE

Jurisdictional discovery will involve One Technologies, LLC's production of confidential, proprietary, and private information for which special protection from public disclosure, and from use for any purpose other than determining whether the Court has personal jurisdiction over One Technologies, is warranted. Specifically, One Technologies anticipates producing information related to non-public performance data and trade secret information that reflect customer acquisition strategies, practices (in connection with which it has expended significant time and resources to develop and refine) and metrics, and its business operations (which may include information implicating the privacy rights of third parties).

To expedite the flow of information, to facilitate the prompt resolution of confidentiality disputes, to adequately protect One Technologies' confidential information, to ensure that the parties are permitted reasonably necessary uses of such material, to address their handling, and to serve the ends of justice, a protective order for such information is justified and good cause exists to enter such an order.

Accordingly, the parties hereby stipulate to and petition the Court to enter this Stipulated Protective Order (also referred to herein as "Order"). It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## II. DEFINITIONS

A. Action: *Julia Durward v. One Technologies LLC*, United States District Court, Central District of California, Case No. 2:19-cv-06371-GW (AGRx).

B. "Confidential Information": One Technologies' (1) non-public performance data; and (2) trade secret information, specifically, non-public customer acquisition strategies, procedures, practices, metrics, tests and results, as well as information about its business operations. One Technologies is permitted, but not required, to designate the foregoing information "CONFIDENTIAL." By listing the foregoing, the parties do not concede that such information is discoverable, relevant, or admissible, and do not waive their rights to object to discoverability, relevance, or admissibility of material that is designated "CONFIDENTIAL."

C. Durward's Counsel: J. Daniel Jung of Anderson & Jung. William Silverstein is expressly excluded from the definition of "Durward's Counsel."

D. Protected Material: Discovery responses and documents that One Technologies designates as "CONFIDENTIAL" in response to jurisdictional discovery requests made by plaintiff Julia Durward.

## III. SCOPE

A. The protections conferred by this Order cover "Protected Material" and: (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) all testimony, conversations, or presentations by One Technologies or its counsel that reveal information designated as "CONFIDENTIAL."

B. This Order covers only materials disclosed or produced in connection with plaintiff's jurisdictional discovery requests. If further discovery is required in this Action, the parties shall meet and confer regarding an appropriate protective order to govern general discovery.

## IV. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until One Technologies agrees otherwise in writing or a court order otherwise directs. Final disposition shall be

2

deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## V. DESIGNATING PROTECTED MATERIAL

A. Manner and Timing of Designations

1. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Confidential Information must be clearly so designated before the information is disclosed or produced, as follows:

a. For information in documentary form (e.g., paper or electronic documents), One Technologies must affix at a minimum, the legend "CONFIDENTIAL" to each page that contains protected material.

b. For information produced in a form other than documentary and for any other tangible items, One Technologies must affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, One Technologies, to the extent practicable, shall identify the protected portion(s).

B. Inadvertent Failure to Designate

If timely corrected, an inadvertent failure to designate does not, standing alone, waive One Technologies' right to secure protection under this Order for such material. Upon timely correction of a designation, Durward's Counsel must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## VI. CHALLENGING CONFIDENTIALITY DESIGNATIONS

Durward may challenge a confidentiality designation under the dispute resolution process set forth in Civil Local Rule 37.1, et seq. The burden of

1 persuasion in any such proceeding shall be on One Technologies. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose Durward and Durward's Counsel to sanctions. Unless One Technologies has withdrawn the challenged designation in writing, Durward and Durward's Counsel shall continue to afford the material in question the level of protection to which it is entitled under One Technologies' designation until the Court rules on the challenge.

## VII. ACCESS TO AND USE OF PROTECTED MATERIAL

A. Basic Principles

1. Durward's Counsel may use Protected Material only to determine whether the Court has personal jurisdiction over One Technologies, or attempting to settle this litigation. Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. Neither Confidential Information nor Protected Material may be used to investigate, prosecute, or defend any litigation other than this litigation.

2. Protected Material and Confidential Information must be stored and maintained by Durward's Counsel at a location and in a secure manner that ensures that access is limited to the persons authorized to review it under this Order.

B. Disclosure of Confidential Information and Protected Material

1. Unless otherwise ordered by the Court or permitted in writing by One Technologies, only the following may possess and review Confidential Information and Protected Material:

  a. Durward's Counsel;

  b. The Court and its personnel;

  c. Court reporters and their staff;

  d. Copy or imaging services retained by Durward's Counsel to assist in the duplication of confidential material, provided that Durward's

1  Counsel instructs the service not to disclose any Confidential Information or
2  Protected Material and to immediately return all originals and copies of any
3  Confidential Information or Protected Material; and

   e. Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

  2. Notwithstanding anything in this Order to the contrary, William Silverstein shall not be entitled to receive, possess, or review Confidential Information or Protected Material for any purpose without an order from the Court, or prior express written consent from One Technologies or its counsel. Durward's Counsel is ordered to refrain from producing or making available any Confidential Information or Protected Material to William Silverstein.

  3. If Durward or Durward's Counsel intend to use or reference Confidential Information or Protected Material in any court filing, such filing must be accompanied by a motion to file such Confidential Information or Protected Material under seal under Civil Local Rule 79-5.

## VIII. PROTECTED MATERIAL SUPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

  A. If Durward or Durward's Counsel is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," Durward or Durward's Counsel shall:

   1. Promptly notify in writing One Technologies. Such notification shall include a copy of the subpoena or court order;

   2. Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

3. Cooperate with respect to all reasonable procedures sought to be pursued by One Technologies.

B. If One Technologies timely seeks a protective order, the party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the Court from which the subpoena or order issued, unless the party has obtained One Technologies' permission. One Technologies shall bear the burden and expense of seeking protection in that court of its Confidential Information, and nothing in this Order should be construed as authorizing or encouraging Durward or Durward's Counsel to disobey a lawful directive from another court.

## IX. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If Durward or Durward's Counsel, by inadvertence or otherwise, has disclosed Protected Material to any person or in any circumstance not authorized under this Order, then Durward's Counsel must immediately (1) notify in writing One Technologies of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the Protected Material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (4) request such person or persons to execute the "Acknowledgment and Agreement to be Bound" that is attached hereto as Exhibit A.

## X. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

If One Technologies gives notice to Durward's Counsel that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of Durward's Counsel are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

## XI. MISCELLANEOUS

A. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

6

STIPULATED PROTECTIVE ORDER

48270070

B. By stipulating to the entry of this Order, no party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. No party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

C. A party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a party's request to file Protected Material under seal is denied by the Court, then that party may file the information in the public record unless otherwise instructed by the Court.

## XII. FINAL DISPOSITION

A. After the final disposition of this Action, as defined in Section IV, within sixty (60) days of a written request by One Technologies, Durward's Counsel must return all Protected Material and Confidential Information to One Technologies, or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material or Confidential Information. Whether the Protected Material or Confidential Information is returned or destroyed, Durward's Counsel must submit a written certification to One Technologies by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material and Confidential Information that was returned or destroyed, and (2) affirms that Durward's Counsel has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material or Confidential Information. Notwithstanding this provision, Durward's Counsel is entitled to retain one archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if

such materials contain Protected Material or Confidential Information. Any such archival copies remain subject to this Order as set forth in Section IV.

B. Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

C. The confidentiality obligations imposed by this Order shall remain in effect until One Technologies agrees otherwise in writing or a court orders otherwise.

Dated: February 26, 2020　　　　VENABLE LLP

By: /s/ Ari N. Rothman
Ari N. Rothman
Witt W. Chang
Bryan J. Weintrop
Attorneys for Defendant
One Technologies, LLC

Dated: February 26, 2020　　　　ANDERSON & JUNG

By: /s/ J. Daniel Jung
J. Daniel Jung
Attorneys for Plaintiff
Julia Durward

### SIGNATURE CERTIFICATION

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I hereby certify that J. Daniel Jung, counsel for Plaintiff, concurs in the content of this filing and has authorized this filing.

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated: April 1, 2020

*Alicia G. Rosenberg*
ALICIA G. ROSENBERG
United States Magistrate Judge

48270070

# EXHIBIT A
# ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [DATE] in the case of *Juila G. Durward v. One Technologies LLC*, Case No. 2:19-cv-06371-GW (AGRx). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____